UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YATRAM INDERGIT, on behalf of
himself and all others similarly situated,

                Plaintiff,

            -against-

RITE AID CORPORATION, RITE AID
OF NEW YORK, INC., and FRANCIS
OFFOR as Aider & Abettor,

                Defendants.

**MEMORANDUM DECISION
AND ORDER**

08 Civ. 9361 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Before the Court is Defendant Rite Aid Corporation's motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Rite Aid argues that it is entitled to judgment on Plaintiff's Fed. R. Civ. P. 23 class action claim and FLSA collective action claim as they pertain to Assistant Managers because Plaintiff – a former Rite Aid store manager – never served as an assistant store manager. Rite Aid also argues that the Rule 23 class claim must be dismissed because Plaintiff seeks liquidated damages. Finally, Rite Aid argues that neither Plaintiff nor the proposed class can recover under the FLSA for conduct that took place prior to October 31, 2005, due to the applicable statute of limitations. For the reasons set forth below, Rite Aid's motion is GRANTED as to Plaintiff's FLSA claim for conduct that took place prior to October 31, 2005, but is otherwise DENIED.

**I.    BACKGROUND**

        Rite Aid hired Plaintiff Yatram Indergit as a store manager in 1979, and he went on to spend most of his professional career working at a Rite Aid store in White

1

Plains, New York. (Amended Cmplt., ¶ 45) On November 30, 2007, after more than thirty-five years of employment, Rite Aid fired Indergit. (Id.)

Indergit's Amended Complaint includes a class action claim based on alleged violations of New York's Labor Law; a collective action claim under the Fair Labor Standards Act ("FLSA"); and individual claims relating to age discrimination.

Indergit's class action and collective action claims are based on Rite Aid's alleged failure to pay overtime compensation to its store managers and assistant store managers. Indergit claims that Rite Aid – as part of a program to reduce the amount of overtime compensation paid to non-exempt employees – has a policy of requiring store managers and assistant store managers to work overtime to perform the duties of non-exempt employees, such as cashiers and stock handlers. (Id., ¶¶ 37, 38) Plaintiff further alleges that Rite Aid managers and assistant managers are required "to work up to 80 hours a week and/or six or seven days a week" "to make up all the hours previously worked by non-exempt employees." According to Plaintiff, Rite Aid does not pay its managers overtime compensation as required by the FLSA and New York's Labor Law. (Id., ¶ 40)

Indergit seeks to define a collective class and a Fed. R. Civ. P. 23 class as follows: "[a]ll otherwise exempt managers and assistant managers working for Defendant Rite Aid since January 1, 2003, who have been subject to Defendant Rite Aid's policies of requiring otherwise exempt managers and assistant managers to perform the non-exempt duties of hourly employees without proper compensation of overtime" as required by the FLSA and New York's Labor Law. (Id., ¶¶ 11, 23)

## II. DISCUSSION

Rite Aid argues that it is entitled to judgment on the pleadings because Indergit – who never served as an assistant manager – does not have standing to assert claims on behalf of assistant managers. Indergit has standing to bring his Rule 23 class action and FLSA collective action claims, however, because he has individual standing – i.e., he has alleged that he was personally injured by Rite Aid's common scheme or plan to unlawfully deprive him of overtime compensation, and a favorable decision by this Court would redress that alleged injury.

Indergit has also alleged in the Amended Complaint that he is

> similarly situated to all otherwise exempt managers and assistant managers of Rite Aid and has been subjected to illegal terms and conditions of employment, including failure and refusal to compensate Plaintiff and all similarly situated managers and assistant managers for overtime hours worked during their employ with Rite Aid. (Amended Cmplt., ¶ 12).

In the context of a motion for judgment on the pleadings, I must assume that Indergit is in fact similarly situated to Rite Aid assistant managers. See Pacs Indus., Inc. v. Cutler-Hammer, Inc., 103 F. Supp. 2d 570, 572 (E.D.N.Y. 2000) (explaining that "[a]s in a motion under Rule 12(b), a court ruling on a motion under Rule 12(c)" must "assume all well-pleaded factual allegations to be true"). Accordingly, the Court cannot decide at the outset of this case and as a matter of law that Indergit is barred from representing a class that includes assistant managers simply because he never held the job title of assistant manager. Before the Court can rule on whether Indergit will adequately represent a class partially comprised of assistant managers, the Court requires a much more fully developed factual record that provides insight into, inter alia, whether Rite Aid's overtime policy similarly affects both managers and assistant managers, and

whether managers and assistant managers have similar job functions. Accordingly, Rite Aid's motion for judgment on the pleadings as to Plaintiff's FLSA and Labor Law class and collective claims will be denied.

Rite Aid also argues that Plaintiff's Rule 23 class claims must be dismissed because he seeks liquidated damages. Indergit has waived his right to pursue liquidated damages under New York's Labor Law, however. (Pltf. Br. 9) Accordingly, the liquidated damages claim will be dismissed and Plaintiff's Rule 23 class claim will proceed.

Finally, Plaintiff agrees that his FLSA claim is limited to the period between October 31, 2005 and the present. (Id. at 11-12) Accordingly, Rite Aid's motion for judgment on the pleadings will be granted as to Plaintiff's FLSA claim to the extent that the Amended Complaint seeks recovery under the FLSA for conduct that took place prior to October 31, 2005.

### A. **Legal Standard**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). To prevail on such a motion, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, ---U.S. ---, 127 S.Ct. 1955, 1965 (2007)). "Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. (quotation omitted).

## B. Indergit Has Article III Standing

The requirements for Article III standing are well established:

[I]n order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact ( i.e., a "concrete and particularized" invasion of a "legally protected interest"); (2) causation ( i.e., a 'fairly ... trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability ( i.e., it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

Sprint Commc'ns Co. v. APCC Servs., Inc., -- U.S. --, --, 128 S. Ct. 2531, 2535 (2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992)).

Here, Indergit has established standing for both his Rule 23 class action and FLSA collective action claims. His claim that he was deprived of overtime compensation sets forth an injury-in-fact. (Amended Cmplt., ¶ 42) Moreover, Indergit alleges that this injury was caused by Rite Aid's common scheme or plan to require managers and assistant managers to perform the work of non-exempt employees, and a favorable decision by this Court would redress Indergit's injury because he could be awarded damages. (Id., ¶¶ 36, 37, 38, 39, 42, Prayer for Relief) Indeed, Rite Aid does not contend that Indergit fails to allege an actual injury or that his injury is not attributable to Rite Aid's conduct. Because Indergit has individual standing, he is entitled to proceed with his class FLSA and Labor Law claims. The appropriate time for this Court to address Rite Aid's arguments about whether Indergit's claims are typical of the class or common to the class, and whether Indergit is similarly situated to assistant managers, is in the context of ruling on Indergit's Rule 23 class certification motion and FLSA conditional certification motion.

### 1. Indergit Has Standing to Assert His Rule 23 Class Action And Collective Action Claims

In a class action, "[t]he initial inquiry is whether the lead plaintiff individually has standing." Winter Family Trust v. Queen, 503 F.3d 319, 325-26 (3d Cir. 2007); see also Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 423 (6th Cir. 1998) (explaining "[t]hreshold individual standing is a prerequisite for all actions, including class actions"); Newberg on Class Actions, § 2:5 (4th ed 2003) (same). Individual standing is a named plaintiff's ability to "allege[] a distinct and palpable injury to himself." Fallick, 162 F.3d at 423; see also Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) (explaining that named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent") (quotation omitted). Once a plaintiff establishes individual standing, Article III's requirements are met. See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 306-07 (3d Cir. 1992) ("'Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense.'") (quoting Newberg on Class Actions § 2.05 at 2-29 (3d ed. 1992)).

"Once [plaintiff's] standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure." Fallick, 162 F.3d at 423; Newberg of Class Actions § 2:5 (4th ed. 2003) (explaining that "whether a plaintiff will be permitted to represent not only individual claims, but also those of parties not directly before the court who have

common claims, depends on whether the plaintiff is able to meet additional criteria, apart from threshold standing tests"). In order to obtain certification of a class under Rule 23, Indergit must establish that (1) the class is so numerous joinder is impossible; (2) there are questions of law and fact common to the class; (3) his claims and defenses are typical of the class's claims and defenses; and (4) he will fairly and adequately protect the class's interests. See Fed. R. Civ. P. 23(a). In short, once a named plaintiff establishes individual standing, the issue of whether a named plaintiff can assert claims on behalf of absent class members is determined at the class certification stage of the litigation. Numerous cases illustrate this basic principle.

In Potts v. United Parcel Serv., Inc., No. 06 Civ. 4766, 2007 WL 551555, at *1 (N.D. Ill. Feb. 15, 2007), for example, UPS employed Potts as a management trainee, an exempt category at UPS. Potts filed a lawsuit under the FLSA and twenty-five state wage laws alleging that UPS had a widespread practice of misclassifying its employees, and that Potts and other management personnel's primary responsibilities consisted of non-exempt clerical duties. Potts alleged that she and other similarly situated employees were required to work a minimum of fifty-five hours per week and were not paid overtime compensation as required by law. See id. Potts challenged UPS's exemption classifications for her own position – management trainee – and six other positions. See id. n.4.

UPS moved to dismiss on the ground that "Potts does not have standing to challenge exemption decisions for positions she never held." See id. at *2. The Court denied UPS's motion, however, stating that "[i]n establishing whether a plaintiff has standing, the court determines whether relief is possible under any set of facts that could

7

be established consistent with the complaint." Id. (emphasis in original). The Court also noted that the titles an employer assigns to a particular employee are not, in themselves, dispositive as to a class determination:

> It is possible that the positions of those in the purported class, other than Plaintiff's position, differ in name only and that all the job duties factually are the same. Thus, whether Plaintiff has standing as to positions she has not held cannot be determined at this time. Accordingly, at this time, Plaintiff's claims as to positions she never held are not dismissed for lack of standing. (Id.)

Similarly, in Doyel v. McDonald's Corp., No. 08 Civ. 1198, 2009 WL 350627, at *1 (E.D. Mo. Feb. 10, 2009), the named plaintiffs sought to bring a class action and collective action to recover, inter alia, back wages related to Defendant McDonald's alleged violation of the FLSA and Missouri minimum wage law. McDonald's moved to dismiss, arguing that "plaintiffs, who all work or have worked at a McDonald's store in Oakville, Missouri, do not have constitutional standing to assert claims based upon conduct at any other McDonald's store 'and lack standing to sue on behalf of individuals at those stores.'" Id. at *4. The Court rejected this argument as premature, finding that it was sufficient – at the motion to dismiss stage – that plaintiffs had established constitutional standing by demonstrating an injury-in-fact, a causal relationship between their injury and Defendant's conduct, and "that the injury likely will be redressed by a favorable decision":

> To the extent defendant argues plaintiffs lack standing to assert claims on behalf of purported class members working at locations other than the McDonald's restaurant in Oakville, Missouri, this argument goes to plaintiff's ability to certify a class pursuant to Rule 23 and to act as class representatives. The issue of class certification is not currently before the Court. The issue before the Court is plaintiffs' constitutional standing to assert their individual claims against defendant. The second amended class action complaint adequately asserts plaintiffs' Article III standing,

and therefore defendants' motion to dismiss will be denied on this point. Id. at *5.

In many other Rule 23 class action cases, courts have held that a named plaintiff – prior to a motion for class certification – need only establish individual standing. See Fallick, 162 F.3d at 422-24 (finding that named plaintiff had individual standing to assert ERISA claims; whether plaintiff can assert claims on behalf of a class whose members belong to different ERISA plans depends on whether plaintiff can satisfy the additional Rule 23 criteria); Ramirez v. STI Prepaid LLC, No. 08 Civ. 1089, 2009 WL 737008, at *7 (D.N.J. Mar. 18, 2009) (finding that named plaintiffs "individually have standing to bring their claims"; whether plaintiffs can bring "sister state" consumer protection claims is a "secondary issue" of "predominance" that should be "resolved at the class certification stage of the litigation"); In re Grand Theft Auto, No. MD 1739 (SWK) (MHD) 2006 WL 303993, at *2 (S.D.N.Y. Oct. 25, 2006) (finding that named plaintiffs had standing to sue under certain state laws and leaving the issue of whether named plaintiffs' "injuries are sufficiently similar to those of the purported Class to justify the prosecution of a nationwide class action" for the class certification motion); In re Busiprone Patent Litig., 185 F. Supp. 2d 363, 377 (S.D.N.Y. 2002) (finding that named plaintiffs who made purchases in fifteen states had standing and leaving the issue of whether plaintiffs could raise claims under the laws of other states to the class certification motion); Irving Trust Co. v. Nationwide Leisure Corp., 95 F.R.D. 51, 57 n.6 (S.D.N.Y. 1982) (finding that named plaintiffs had standing because they "have a

personal stake in the outcome of the controversy" even though the named plaintiffs were switched to hotels C and D and some class members were switched to hotels A and B).[1]

Here, it is possible that the position of assistant manager differs from the position of manager in name only, and that the job duties of both positions "factually are the same." Whether Indergit can properly assert claims on behalf of assistant managers cannot presently be determined, because the Court has no evidence before it regarding the similarities or the differences between the duties of managers and assistant managers. It is sufficient at this stage that Indergit has demonstrated constitutional standing: injury in fact, caused by Defendant's conduct, capable of remedy by this Court. Accordingly, Rite Aid's motion for judgment on the pleadings concerning Indergit's class claims on behalf of assistant managers will be denied.[2]

---

[1] The "threshold individual standing" inquiry for named plaintiffs is the same for both class action and collective action claims, because such standing "is a prerequisite for all actions." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 423 (6th Cir. 1998). In the collective action context, Rite Aid has cited no case in which a court has dismissed a named plaintiff's claim for lack of standing prior to a motion for conditional certification. Indeed, the resolution of motions for conditional certification often turns on issues of fact that Rite Aid mistakenly characterizes as threshold standing issues. See, e.g., Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295 (GEL), 2007 WL 2873929, at *4 (S.D.N.Y. Oct. 2, 2007) (authorizing collective action notice and finding "there is no relevant distinction between the job responsibilities of any assistant store managers, whether they work during the daytime, evening, or overnight"); Davis v. Lenox Hill Hosp., 03 Civ. 3746 (DLC), 2004 WL 192608, at *7 (S.D.N.Y. Aug. 31, 2004) (declining to authorize a collective class as to RNs who did not participate in the Elite Corps because plaintiff "has not met her burden of showing that she is similarly situated to Access employees who did not participate in the Elite Corps"); Stubbs v. McDonald's Corp., 227 F.R.D. 661, 666 (S.D.N.Y. 2004) (finding that plaintiff did not have standing to assert claims on behalf of first assistant managers because he had never held the position of first assistant manager; plaintiff provided no evidence that first and second assistant managers had similar duties; and plaintiff offered no evidence that first assistant managers had duties that were similar to his own).

[2] The cases Rite Aid cites in support of its motion are distinguishable. In Doe v. Blum, 729 F.2d 186, 189-90 (2d Cir. 1984), the Second Circuit affirmed the dismissal of a class

action complaint, finding no injury and thus no standing where the named plaintiffs sued over the alleged denial of family planning services but had not actually sought and been denied such services. As noted above, Indergit has alleged an actual injury to himself arising from what he alleges is a common scheme or plan that Defendant utilized as to both managers and assistant managers.

In Parks v. Dick's Sporting Goods, Inc., No. 05 Civ. 6590 (CJS), 2006 WL 1704477, at *3 (W.D.N.Y. June 15, 2006), the Court granted defendants' motion for partial judgment on the pleadings, ruling that the named plaintiff did not have standing to pursue claims under the laws of states in which he did not reside. While the motion in Parks does not appear to have presented any factual issue, here the factual record must be developed as to the duties and responsibilities of store managers and assistant managers, and whether these positions differ in more than name.

Many of the other cases relied on by Rite Aid arise not in the context of a motion for judgment on the pleadings, but instead on the basis of a much more fully developed record. See Lewis v. Casey, 518 U.S. 343 (1996); Gen. Tele. Co. of Southwest v. Falcon, 457 U.S. 147 (1982); Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208 (1974); Murray v. U.S. Bank Trust Nat'l Ass'n., 365 F.3d 1284 (11th Cir. 2004); Prado-Steinman ex rel. Prado v. Bush, 221 F.3d 1266 (11th Cir. 2000); Griffin v. Dugger, 823 F.2d 1476 (11th Cir. 1987); Golden Local 55 of Int'l Ass'n of Firefighters, 633 F.2d 817 (9th Cir. 1980); Diduck v. Kaszycki & Sons Contractors, Inc., 737 F. Supp. 792 (S.D.N.Y. 1990) aff'd in part, rev'd in part on other grounds, 974 F.2d 270 (2d Cir. 1992); Carroll v. Associated Musicians of Greater New York, 206 F. Supp. 462 (S.D.N.Y. 1962), aff'd, 316 F.2d 574 (2d Cir. 1963).

In other cases relied on by Rite Aid, plaintiffs did not have individual standing because they had not alleged that they suffered any injury at all. See Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464 (1982); O'Shea v. Littleton, 414 U.S. 488 1284 (1974); Laird v. Tatum, 408 U.S. 1, 13-15 (1972); Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003); Schroedel v. New York Univ. Med. Ctr., 885 F. Supp. 594, 599 (S.D.N.Y. 1995); Packer v. Yampol, 630 F. Supp. 1237 (S.D.N.Y. 1986); Weiner v. Bank of King of Prussia, 358 F. Supp. 684, 694 (E.D. Pa. 1973).

Another case relied on by Rite Aid focuses on whether a plaintiff had standing to sue certain defendants and not whether a plaintiff had standing to raise certain claims, see Payton v. County of Kane, 308 F.3d 673, 677-80 (7th Cir. 2002), and several other cases are distinguishable in that they involved a class of defendants. See Akerman v. Oryx Commc'ns, Inc., 609 F. Supp. 363, 375 (S.D.N.Y. 1984); Angel Music, Inc. v. ABC Sports, Inc., 112 F.R.D. 70, 71 (S.D.N.Y. 1986).

Finally, in Sosna v. Iowa, 419 U.S. 393, 403 (1975), the Supreme Court determined the named plaintiff had standing, and in Hylaszek v. Aetna Life Ins. Co., No. 94 Civ. 5961, 1998 WL 381064 (N.D. Ill. July 1, 1998), the Court did not rule on the issue of standing.

## III. **CONCLUSION**

For the reasons stated above, Rite Aid's motion is GRANTED as to Plaintiff's FLSA claim for conduct that took place prior to October 31, 2005, but is otherwise DENIED. Plaintiff's claim for liquidated damages under New York's Labor Law is DISMISSED.

The Clerk of the Court is directed to terminate the motion. (Docket No. 24).

Dated: New York, New York
May 4, 2009

SO ORDERED.

*Paul R. Gardephe*
Paul G. Gardephe
United States District Judge