UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL NAULA and JOSE FERMIN, on behalf of themselves and all others similarly situated,

                   Plaintiffs,

-v. -

RITE AID OF NEW YORK d/b/a RITE AID, RITE AID CORPORATION and JOHN DOES 1 through 100, inclusive,

                   Defendants.

08 Civ. 11364 (PGG)

**ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

In this putative class action, Plaintiffs assert claims under New York Labor Law, § 650 et seq., for unpaid overtime wages. Defendants have moved to dismiss or stay this action under the "first-filed" rule [Docket No. 47], arguing that it is duplicative of another lawsuit already pending before this Court. See Indergit v. Rite Aid Corp. and Rite Aid of New York Inc., No. 08 Civ. 9361 (PGG)(S.D.N.Y.)[1] Plaintiffs contend that their action should be consolidated with Indergit rather than dismissed or stayed. (Pltf. Br. at 7-8)

For the reasons stated below, Defendants' motion to dismiss or to stay this action will be DENIED, and this action will be consolidated with Indergit for all purposes.

---

[1] Judge Koeltl transferred the instant action to this Court on December 14, 2009, as a related case to Indergit. [Docket No. 57]

## BACKGROUND

Plaintiff Jose Fermin worked as an assistant manager at a Manhattan Rite Aid branch between 2003 and 2005, and as a manager between 2005 and 2007. (Amended Cmplt. ¶¶ 12, 33) Plaintiff Angel Naula worked at a Manhattan Rite Aid branch from 1998 to 2008, serving as a manager between 2001 and 2008. (Id. ¶¶ 13, 34)

Plaintiffs allege that they and other Rite Aid managers and assistant managers were misclassified as exempt from overtime pay requirements. (Id. ¶ 3) Despite their titles, Plaintiffs contend that they had no managerial responsibilities and that their duties consisted of, inter alia, stocking shelves, unpacking merchandise, arranging store aisles and decorating the store in accordance with pre-determined corporate issued "planograms," sweeping and cleaning, operating the cash register, taking out garbage, and unloading trucks. (Id. ¶ 35) The Complaint – filed on December 31, 2008 [Docket No. 1] – asserts that Defendants did not allow assistant managers or managers "to exercise any meaningful degree of independent discretion and judgment with respect to the exercise of their duties" (Id. ¶ 29), and that the policy of classifying assistant managers and managers as exempt from overtime requirements was nothing more than a "willful scheme to avoid the payment of overtime compensation to this set of employees." (Id.) Plaintiffs further contend that they regularly worked more than 40 hours per week but were not paid overtime wages. (Id. ¶ 30)

The Complaint asserts New York Labor Law claims on behalf of two defined classes: (1) all persons who, at any time within the applicable six year statute of limitations, were employed by Defendants as assistant managers; and (2) all persons who,

2

at any time within the limitations period, were employed by Defendants as managers. (Id. ¶ 17)

The plaintiff in Indergit filed his complaint on October 31, 2008,[2] and asserts collective action claims under the Fair Labor Standards Act ("FLSA"), § 201 et seq., and class action claims under New York Labor Law § 650 et seq., for unpaid overtime wages. (Indergit Amended Cmplt. ¶¶ 57-62) Indergit also asserts individual claims for age discrimination and retaliation. (Id. ¶¶ 63-77)

Indergit was the manager of a Rite Aid branch in White Plains, New York from 1979 until his termination on November 30, 2007. (Id. ¶¶ 45, 55) Although Indergit was never an assistant manager, he asserts a class action claim pursuant to Fed. R. Civ. P. 23 on behalf of both managers and assistant managers for violations of the New York Labor Law. (Id. ¶¶ 22, 60, 61) He also asserts a collective action claim under the FLSA on behalf of managers.[3] (Id. ¶¶ 57-59)

## DISCUSSION

Defendants argue that this action should be dismissed or stayed because it and Indergit contain "identical allegations against the exact same Defendants" and Indergit is the first-filed case. (Def. Br. 1) Plaintiffs contend, however, that the two

---

[2] An amended complaint – identical to the initial complaint except that it added Rite Aid of New York, Inc. as a defendant – was filed on March 3, 2009. Under these circumstances, the amended complaint relates back to the filing date of the original complaint for purposes of the first-filed rule. See Aerotel, Ltd., v. Sprint Corp., 100 F. Supp. 2d 189, 195-96 (S.D.N.Y. 2000) (explaining that amended complaint relates back to filing date of original complaint when added party knew or should have known that, but for mistake, original complaint would have named it as a party).

[3] Indergit originally asserted a collective action claim under the FLSA for both managers and assistant managers, but in a December 9, 2009 letter he withdrew his FLSA claim for assistant managers. [Indergit v. Rite Aid Corp. and Rite Aid of New York Inc., No. 08 Civ. 9361 (PGG)(S.D.N.Y.), Docket No. 90].

actions should be consolidated, because there are "significant material differences between Indergit and Naula precluding dismissal," and "the bulk of legal authority favors transfer and consolidation when applying the first to file rule to similar, but not identical cases." (Pltf. Br. at 2, 8)

As explained below, consolidation rather than dismissal or a stay is appropriate here in order to avoid possible prejudice to members of the putative class in this action who are assistant managers.

## I.   THE TWO ACTIONS ARE DUPLICATIVE

When confronted with two actions raising similar claims, and a request that the later action be dismissed, stayed, or consolidated with the first, a court must first resolve whether the actions are in fact duplicative.

> The Second Circuit has stated that the
>
> rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata. As the Supreme Court stated over 100 years ago in United States v. The Haytian Republic, 154 U.S. 118, 38 L. Ed. 930, 14 S. Ct. 992 (1894), "The true test of the sufficiency of a plea of 'other suit pending' in another forum is the legal efficacy of the first suit, when finally disposed of, as the 'thing adjudged' regarding the matters at issue in the second suit."

Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting United States v. The Haytian Republic, 154 U.S. 118, 124 (1894)). The Sixth Circuit has adopted a similar standard, defining duplicative lawsuits as those in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997).

The Second Circuit has cautioned that "a court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a

4

rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are the same." Curtis, 226 F.3d at 136; see also Alden Corp. v. Eazypower Corp., 294 F. Supp. 2d 233, 235 (D. Conn. 2003) ("In determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative." (citing Curtis, 226 F.3d at 136)).

Here, both sides agree that there is significant overlap between the two actions as to both legal claims and relevant facts. (Def. Br. at 1, 7-8; Pltf. Br. at 8). While Indergit asserts claims under both the FLSA and New York Labor Law, whereas Naula is brought only under the Labor Law, both actions allege that Defendants violated the Labor Law by failing to pay overtime wages to assistant managers and managers, who they intentionally misclassified as exempt from overtime pay requirements even though their duties were primarily non-managerial. (Amended Cmplt. ¶¶ 29, 35; Indergit Amended Cmplt. ¶¶ 39, 40)

Plaintiffs acknowledged this overlap by filing a Notice of Related Cases pursuant to Local Civil Rule 1.6. [Docket No. 25] In that notice, Plaintiffs stated that the instant action and Indergit should be heard by the same judge, because both actions "involve the same Defendants, challenge the same or similar activities/practices . . . rely on the same or similar evidence, and . . . require analysis under the same statutes and other legal authorities." (Pltf. Notice of Related Cases, at 2) Defendants, similarly argue that the two actions are duplicative. (Def. Br. at 1, 7-8)

Given the overlap in legal claims and relevant facts, the Court agrees with the parties that the two actions are duplicative and should not proceed on separate tracks.

5

The parties differ as to the appropriate remedy, however, and the Court addresses this issue below.

## II.   THE TWO ACTIONS WILL BE CONSOLIDATED

Where, as here, a court determines that two lawsuits are duplicative, it "will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Curtis, 226 F.3d at 138. The first-filed rule is not mechanically applied, however, because "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Therefore, "[t]he decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion." Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991).

Plaintiffs argue that Naula should be consolidated with Indergit – rather than dismissed – because of the following distinction between the two cases: Naula includes "named representatives in both the store manager and assistant manager positions, whereas Indergit is brought solely by a former manager." (Pltf. Br. at 7) According to Plaintiffs, because of this difference, "dismissing the instant case stands to prejudice an entire class of Rite Aid assistant manager employees, leaving them without recourse or remedy." (Id.)

Defendants argue that dismissal is appropriate because "Plaintiffs, as former Assistant Managers and Store Managers, are, by definition, members of the putative class action alleged in Indergit, [and] dismissal of this action would result in no

6

prejudice to Plaintiffs to pursue their claims against Rite Aid as putative class members in the Indergit case." (Def. Repl. Br. at 6) Defendants also assert, in conclusory fashion, that dismissal "will fulfill the purposes of the first-filed rule by avoiding duplication of judicial effort and vexatious litigation in multiple forums" and will "eliminate the risk of inconsistent judgments." (Def. Br. at 8). Consolidation, of course, would serve these same interests equally well.

Under Fed. R. Civ. P. 42(a), a district court may consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). "'A determination on the issue of consolidation is left to the sound discretion of the court,'" In re UBS Auction Rate Sec. Litig., No. 08 Civ. 2967 (LMM), 2008 U.S. Dist. LEXIS 56016, at *4 (S.D.N.Y. July 16, 2008) (quoting Albert Fadem Trust v. Citigroup Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost reduction while insuring that the "paramount concern for a fair and impartial trial" is honored. Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).

> As the Second Circuit has explained:
>
> A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) sua sponte. . . . Rule 42(a) provides that consolidation is acceptable "when actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). The Rule should be prudently employed as "a valuable and important tool of judicial administration," Consorti v. Armstrong World Ind., 72 F.3d 1003, 1006 (2d Cir. 1995), vacated on other grounds, 518 U.S. 1031 (1996), invoked to "expedite trial and eliminate unnecessary repetition and confusion," Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984). In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. See Miller, 729 F.2d at 1037. However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when "savings of expense and gains of efficiency

7

> can be accomplished without sacrifice of justice." Consorti, 72 F.3d at 1007.

Devlin v. Transportation Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (citations omitted).

Here, consolidation rather than dismissal or a stay is appropriate. If this action were dismissed, there would be a risk of prejudice to those who were employed as Rite Aid assistant managers. Although the plaintiff in Indergit asserts putative class action claims under the New York Labor Law on behalf of both managers and assistant managers, he was never employed as a Rite Aid assistant manager. This presents a risk that Indergit may not be permitted to assert claims on behalf of assistant managers. Indeed, the defendants in Indergit moved for judgment on the pleadings as to both Indergit's FLSA and New York Labor Law claims, arguing that Indergit lacked standing to assert claims on behalf of assistant managers. Indergit v. Rite Aid Corp. et al., 08 Civ. 9361 (PGG), 2009 U.S. Dist. LEXIS 42739 (May 4, 2009 S.D.N.Y.) Although the Court denied Defendants' motion as premature (id.), they are free to renew their arguments as the case proceeds. If this Court were to accept their arguments, and Naula was not consolidated with Indergit, assistant managers would not be included in the Rule 23 class alleged in Indergit for violations of the New York Labor Law, and they would be required to bring a new action to pursue these alleged violations.

In order to avoid the risk of prejudice to assistant managers outlined above, consolidation rather than dismissal or a stay is appropriate. Consolidation ensures that there are putative class representatives who have been employed by Defendants in both the capacity of manager and assistant manager. Consolidation also serves all of the purposes cited by Defendant, including avoiding duplication of judicial effort and

8

vexatious litigation in multiple forums, achieving comprehensive disposition of this litigation, and eliminating the risk of inconsistent judgments. (Def. Br. at 8) See Fleet Capital Corp. v. Mullins, No. 03 Civ. 6660 (RJH), 2004 WL 548240, at *4 (S.D.N.Y. Mar. 18, 2004) ("The purposes behind this rule are to avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or stay this action is DENIED. The Clerk of the Court is directed to terminate the motion. [Docket No. 47]

The Clerk of the Court is directed to consolidate the above-captioned action under the first case filed, 08 Civ. 9361 (PGG). The Clerk of the Court shall also file a copy of this Order in the separate file for 08 Civ. 9361 (PGG).

Dated: New York, New York
       March 23, 2010

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge