UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YATRAM INDERGIT, on behalf of
himself and all others similarly situated,

        Plaintiff,

-against-

RITE AID CORPORATION, RITE AID
OF NEW YORK, INC., and FRANCIS
OFFOR as Aider & Abettor,

        Defendants.

**ORDER**

08 Civ. 9361 (PGG)

ANGEL NAULA and JOSE FERMIN, on
behalf of themselves and all others
similarly situated,

        Plaintiffs,

-against-

RITE AID OF NEW YORK d/b/a RITE
AID, RITE AID CORPORATION and
JOHN DOES 1 through 100, inclusive,

        Defendants.

08 Civ. 11364 (PGG)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-10
```

PAUL G. GARDEPHE, U.S.D.J.:

        Before the Court is Plaintiff Yatram Indergit's motion for court-authorized notice to potential opt-in plaintiffs pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Plaintiff filed this motion on July 24, 2009. [Docket No. 56] By letter dated February 23, 2010 (Vagnini Ltr. Feb. 23, 2010), Plaintiff's counsel requests that this Court rule on Plaintiff's motion for court-authorized notice so that discovery in this case can be coordinated with discovery in Craig v. Rite Aid Corp., No.

08 Civ. 2317 (M.D. Pa.), a similar action in which the court recently granted a motion for court-authorized notice as to a collective class of Rite Aid Assistant Managers. Plaintiff's counsel states in his letter that coordinating discovery in this action with discovery in Craig "would be the most efficient and cost effective use of everyone's time, resources, and energy." (Vagnini Ltr. Feb. 23, 2010)

The Court has reviewed all of the parties' submissions concerning Plaintiff's motion as well as the relevant case law, and has determined that Plaintiff's motion for court-authorized notice should be granted. The reasons for this determination will be discussed in detail in a separate Memorandum Opinion, but the Court is issuing this order now to address Plaintiff's concerns regarding coordinated discovery. Accordingly,

It is hereby ORDERED that the Court will allow notice to and opportunity to opt-in to the following collective class:

> All individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Store Managers during any workweek within the previous three years from the date of this Order in any of the stores identified in Rite Aid Corporation's last published Annual Report as being operated by Rite Aid Corporation, or any store being operated by Rite Aid's subsidiary Rite Aid of New York, Inc.

It is further ORDERED that the parties shall confer and attempt to agree upon a proposed notice to the collective class members and shall submit such proposed notice to this Court by April 21, 2010. If the parties are unable to reach agreement on a proposed notice, the parties shall jointly submit a single letter to the Court setting forth their respective positions by April 21, 2010.

It is further ORDERED that Defendants shall produce to Plaintiff, in an electronic form accessible by Plaintiff, the names, last known mailing addresses, alternate

addresses, all telephone numbers, last known email addresses, and dates of employment of all current and former employees of Defendants who have worked as Store Managers within three years from the date of this Order. Defendants shall not be required to produce the Social Security numbers of current and former employees at this time.

The Clerk of the Court is directed to terminate the motion. [Docket No. 56]

Dated: New York, New York
March 31, 2010

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge