# Valli Kane & Vagnini
### Attorneys at Law

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: 516-203-7180
Fax: 516-706-0248
www.vkvlawyers.com

January 21, 2011

**VIA FACSIMILE**
Honorable Henry B. Pitman
United State Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Fax: (212) 805-6111

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/11
```

Re:  **Indergit v. Rite Aid of New York, et al.
08-CV-9361 (PGG)(HBP)**

Dear Judge Pitman:

We are counsel for Plaintiffs and write regarding new information that has come to light pertaining to telephone calls made to and/or from potential opt-ins and opt-ins in August 2010. As Your Honor is aware, Defendants have accused Plaintiffs' counsel of utilizing Gilardi, the third-party administrator, to "solicit" clients. We stridently object to Defendants' claims. On November 10, 2010, during a telephone conference with the Court, Your Honor ordered that Defendants be permitted to take a limited 30(b)(6) deposition of the Third-Party Administrator.

During that telephone conference we relied upon the affidavit of Ryanne Cozzi, an employee of Gilardi, within which she indicated that there were no recordings of any telephone calls with potential opt-ins. Accordingly, Your Honor ordered that the purpose of the 30(b)(6) was to determine what was said on those calls but NOT for the Defendants to obtain the names or contact information for those callers or the substance of what potential opt-ins said.

Apparently, during Gilardi's preparation for the deposition, it came to light that while Ms. Cozzi believed there were no recordings, there in fact are recordings of some calls from potential opt-ins. Therefore, with Your Honor's permission, the deposition was adjourned until Gilardi was able to ascertain what had taken place and what recordings actually existed.

It has now been determined that there are approximately seventeen (17) recorded telephone calls of potential-opt ins. According to Gilardi's counsel, the recordings do not contain any statements that are solicitous in nature. Moreover, they have indicated that it is virtually impossible to parse out the names, contact information, and statements of the callers from the statements made by Gilardi personnel. Thus, production of the recordings to Defendants would be in direct contravention of Your Honor's order. Additionally, we have been

informed that some of the callers indicated they were concerned that Rite Aid would find out they had in fact called in. As the purpose of this 30(b)(6) was to ascertain whether our agent made any improper or solicitous statements on our behalf and NOT whether any potential opt-ins were exercising their right to obtain the notice form, providing counsel for Rite Aid with the entire recording would not be appropriate.

In light of these recent events, we respectfully request that Your Honor allow an *In Camera* review of all recordings that exist. This will include the outgoing message to the entire potential class and all recordings of the calls that came in to Gilardi from potential opt-ins. This will afford Your Honor the opportunity to determine if those calls were in fact solicitous in nature or whether they were simply effectuating notice, as is our right and duty in a 216(b) action.

We are not suggesting that the Defendants do not still have the right to the 30(b)(6). We are, however, requesting that the determination for whether or not that is still necessary be determined after Your Honor conducts an *In Camera* review of the recordings. We believe the recordings (which we have not heard) will speak for themselves. We are confident that after Your Honor conducts an *In Camera* review, the need for the 30(b)(6) may be obviated. At the very least, if the deposition is still deemed necessary, we would ask for a ruling denying access to the recordings.

As of now, the deposition is ordered to be conducted on or before January 31, 2011. Due to these new events, along with the fact that it will be impossible for us to have an attorney present, in California before January 31, 2011, we would ask that Your Honor stay the deadline to complete the 30(b)(6) until after you have had the opportunity to rule on our request for an *In Camera* review of the recordings. Alternatively, if Your Honor is not inclined to perform the *In Camera* review, we would ask for additional time to conduct the deposition, specifically that the parties will have until February 18th to complete the 30(b)(6) deposition of the third party administrator.

We believe counsel for Defendants do not necessarily oppose our request for additional time to conduct the deposition, and we are quite confident that they strongly disagree and do not consent with the remaining requests in this letter. Thank you for Your Honor's time and attention to this matter. Please contact the undersigned with concerns or questions.

Respectfully submitted,

VALLI KANE & VAGNINI LLP

Robert J. Valli, Jr. (RV-9995)

cc: Daniel E. Turner, Esq. (via simultaneous e-mail)
Keith A. Raven, Esq. (via simultaneous e-mail)
Marc Hepworth, Esq. (via simultaneous e-mail)

2

**ENDORSEMENT**

<u>Yatram Indergit, et al. v. Rite Aid Corporation, et al.</u>
08 Civ. 9361 (PGG)(HBP)

<u>Angel Naula, et al. v. Rite Aid of New York Inc., et al.</u>
08 Civ. 11354 (PGG)(HBP)

    I decline plaintiffs' counsel's invitation to conduct an in camera review of the tape recordings. I simply do not have the time.

    It seems to me the best solution is to direct that plaintiffs' counsel transcribe the recordings and produce to defendants only the statements by Gilardi and any portion of the other parties' statements necessary to render Gilardi's statements understandable. Transcribing the calls will make it simple to segregate the statements made by Gilardi from the statements made by the other party to the call. Such transcripts are to be delivered to defendants' counsel no later than February 9, 2011.

    The 30(b)(6) deposition of the Gilardi is to be conducted on a mutually convenient date, said date to be no later than February 18, 2011.

Dated:  New York, New York
         January 26, 2011

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Robert J. Valli, Jr, Esq.
Sara W. Kane, Esq.
Jesse C. Rose, Esq.
The Law Office of Steven A. Morelli
1461 Franklin Ave.
Garden City, New York  11530

Deven Hahn, Esq.
Dinovo Price Ellwanger LLP
P.O. Box 201690
Austin, Texas  78720

James Vagnini, Esq.
Jesse C. Rose, Esq.
Valli Kane & Vagnini LLP
600 Old Country Road
Garden City, New York  11530

Jay D. Ellwanger, Esq.
DiNovo Price Ellwanger and Hardy LLP
Suite 350
7000 N. MoPac Expressway
Austin, Texas  78731

Scott Lenhart, Esq.
Beth Moeller, Esq.
Kalin M. Light, Esq.
Kristy Offitt., Esq.
Tracey T. Barbaree, Esq.
Ashe, Rafuse & Hill, LLP
Suite 500
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309

Justin M. Scott, Esq.
Daniel Turner, Esq.
Ogletree, Dearkins, Nash,
   Smoak & Stewart, P.C.
Suite 4800
191 Peachtree Street, N.E.
Atlanta, Georgia  30303

Patrick G. Brady, Esq.
Suzanne K. Brown, Esq.
Epstein Becker & Green, P.C.
12th Floor
Two Gateway Center
Newark, New Jersey  07102

Keith A. Raven Esq.
Raven & Kolbe, LLP
Suite 202
126 East 56th Street
New York, New York  10022

Keith A. Raven Esq.
Raven & Kolbe, LLP
Suite 202
126 East 56th Street
New York, New York  10022