```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

YATRAM INDERGIT on behalf          :
of himself and all others
similarly situated,                :

                  Plaintiffs,      :    08 Civ. 9361 (PGG)(HBP)

     -against-                     :

RITE AID CORPORATION, et al.,      :

                  Defendant.       :

-----------------------------------X

ANGEL NAULA and JOSE FERMIN, on    :
behalf of themselves and all
others similarly situated,         :

                  Plaintiffs,      :    08 Civ. 11364 (PGG)(HBP)

     -against-                     :    CORRECTED
                                        ORDER¹
RITE AID OF NEW YORK INC.,         :
doing business as
Rite Aid, Rite Aid Corporation,    :
et al.,
                                   :
                  Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to resolve the parties' dispute concerning the scope of discovery to be conducted in Docket No. 08 Civ. 9361

---

¹This Order makes non-substantive corrections to the Order entered in this matter dated March 22, 2011.

with respect to plaintiff's collective claim.  The issue was discussed at a conference in this matter on September 22, 2010 and was briefed by counsel in a series of letters I received in October, November and December 2010.

Among other things, the Amended Complaint in this action alleges a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The collective action alleges that defendants have violated the FLSA by failing to pay overtime wages to managers of defendants' stores.  Defendants claim, among other things, that the managers of their stores are exempt executive employees within the meaning of Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1), and, therefore, are not entitled to receive overtime wages.

The action has been conditionally certified as a collective action, and approximately 1540 managers have opted in. The remaining hurdle which must be cleared before plaintiffs can proceed with the action as a collective action is defendants' contemplated motion for decertification.  Although FLSA plaintiffs need only make a "modest factual showing" to obtain conditional certification of their claim as a collective claim, Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (Sotomayor, D.J.) (collecting cases); Hoffman v. Sbarro, Inc,. 982 F. Supp. 2d 249, 261 (S.D.N.Y. 1997), they must shoul-

der a heavier burden at the decertification stage.  At the decertification stage, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.  The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice."  Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010), citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008); Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001).  To survive a motion for decertification, "[p]laintiffs need not meet, however, the more 'stringent' requirements that apply to the joinder and severance of claims. . . . All that is required is a persuasive showing that the original and opt-in plaintiffs were common victims of a FLSA violation pursuant to a systematically-applied company policy or practice such that there exist common questions of law and fact that justify representational litigation."  Pefanis v. Westway Diner, Inc., 08 Civ. 2 (DLC), 2010 WL 3564426 at *4 (S.D.N.Y. Sept. 7, 2010).  Although plaintiffs' burden is heavier at this second stage, in order to survive a decertification motion, "plaintiffs need only show that their positions were similar, not identical."  Shabazz v. Morgan Funding Corp., 269

F.R.D. 245, 251 (S.D.N.Y. 2010) (Marrero, D.J.), citing Dumitrescu v. Mr. Chow Enterprises, Ltd., 07 Civ. 3601 (PKL), 2008 WL 2600667 at *5 (S.D.N.Y. June 30, 2008) (Leisure, D.J.). Although the applicability of the exemption for executive employees requires examination of the "dut[ies] that the employee" actually "performs," 29 C.F.R. § 541.700(a), there does not appear to be anything about the inherent nature of the exemption for executive employees that precludes a collective action or representative proof. Myers v. Hertz Corp., supra, 624 F.3d at 549; Indergit v. Rite Aid Corp., 08 Civ. 9361 (PGG), 08 Civ. 11364 (PGG), 2010 WL 2465488 at *9 (S.D.N.Y. July 16, 2010) (Gardephe, D.J.).

The parties' submissions suggest that there may have been be some confusion over the issue I wanted them to address. At the September 22 conference, I understood the parties to disagree on the scope of discovery that would be permitted if the action survived a motion for decertification. It was for that reason that I stayed discovery on the merits of the collective claim but permitted discovery concerning the viability of the FLSA claim as a collective action to proceed. Although it is not clear, it appears from the parties' submissions that they do not even agree on the scope of discovery that should be taken concerning the motion for decertification.

4

Assuming that the parties disagree on the scope of discovery that should be conducted with respect to the decertification motion, I conclude that it is not necessary to conduct discovery of each and every opt-in in order to determine whether the opt-ins are similarly situated. As noted above, the issue at the decertification stage is whether the plaintiffs' actual duties are sufficiently similar such that is it is appropriate for the action to continue as a collective action. Whether there is substantial homogeneity among the duties performed by store managers can be determined with substantially less than 1540 depositions. I conclude that the question can be answered by depositions of fifty managers -- 25 of whom are to be selected by plaintiffs and 25 of whom are to be selected by defendants.

I have considered the possibility of conducting this discovery by way of a questionnaire and have concluded that depositions are the better alternative; I believe that the amount of time that it will take the parties to craft an acceptable questionnaire will, in all probability, approach the amount of time it would take to conduct fifty depositions. I have also considered the burden of conducting fifty depositions, mindful of the fact that the burden will probably weigh more heavily on plaintiffs than on defendants. Nevertheless, it is plaintiffs who chose to bring this action as a nation-wide collective

action.  Having broadly defined the class in the collective action, plaintiffs cannot be heard to complain when the resultant discovery is similarly broad.  Finally, I have also considered defendants' contention that Judge Gardephe, in his March 31, 2010 decision, has already determined that the FLSA claims will require factual determination unique to each member of the collective class.  See Indergit v. Rite Aid Corp., 08 Civ. 9361 (PGG), 08 Civ. 11364 (PGG), 2010 WL 1327242 at *5 (S.D.N.Y. Mar. 31, 2010).  Defendants' argument in this regard misreads Judge Gardephe's March 31 decision.  Although Judge Gardephe clearly found that the applicability of the exemption for executive employees will require "a highly fact-intensive inquiry that is to be made on a case-by-case basis in light of the totality of the circumstances," 2010 WL 1327242 at *5, he did not hold that the factual inquiry will necessarily be unique to each manager. Moreover, in a subsequent decision, Judge Gardephe expressly rejected the argument that a collective action does not lie merely because defendant invokes the exemption for executive employees.  Indergit v. Rite Aid Corp., supra, 2010 WL 2465488 at *9 ("Rite Aid argues that determining an employee's exempt status under the executive exemption 'requires an analysis of each individual's daily job duties,' and that because this is a fact-intensive inquiry, this type of FLSA claim cannot be the

6

subject of an FLSA collective action. . . . This argument ignores the purposes of the FLSA."). Finally, the Court of Appeals has noted that actions involving similar claims and defenses have been certified as collective actions and successfully resolved. Myers v. Hertz Corp., supra, 624 F.3d at 549.

Accordingly, for all the foregoing reasons, discovery with respect to the contemplated motion for decertification of the collective claim shall be limited to the depositions of fifty managers, 25 of whom shall be selected by plaintiffs and 25 of whom shall be selected by defendants.

Dated: New York, New York
March 25, 2011

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Robert J. Valli, Jr, Esq.
Sara W. Kane, Esq.
Jesse C. Rose, Esq.
The Law Office of Steven A. Morelli
1461 Franklin Ave.
Garden City, New York 11530

Deven Hahn, Esq.
Dinovo Price Ellwanger LLP
P.O. Box 201690
Austin, Texas 78720

James Vagnini, Esq.
Jesse C. Rose, Esq.
Valli Kane & Vagnini LLP
600 Old Country Road
Garden City, New York   11530

Jay D. Ellwanger, Esq.
DiNovo Price Ellwanger and Hardy LLP
Suite 350
7000 N. MoPac Expressway
Austin, Texas   78731

Scott Lenhart, Esq.
Beth Moeller, Esq.
Kalin M. Light, Esq.
Kristy Offitt., Esq.
Tracey T. Barbaree, Esq.
Ashe, Rafuse & Hill, LLP
Suite 500
1355 Peachtree Street, N.E.
Atlanta, Georgia   30309

Justin M. Scott, Esq.
Daniel Turner, Esq.
Ogletree, Dearkins, Nash,
   Smoak & Stewart, P.C.
Suite 4800
191 Peachtree Street, N.E.
Atlanta, Georgia   30303

Patrick G. Brady, Esq.
Suzanne K. Brown, Esq.
Epstein Becker & Green, P.C.
12th Floor
Two Gateway Center
Newark, New Jersey   07102

Keith A. Raven Esq.
Raven & Kolbe, LLP
Suite 202
126 East 56th Street
New York, New York   10022