```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

YATRAM INDERGIT, on behalf         :
of himself and all others
similarly situated,                :

                  Plaintiffs,      :   08 Civ. 9361 (JPO)(HBP)

     -against-                     :   ORDER

RITE AID CORPORATION, et al.,      :

                  Defendants.      :
-----------------------------------X
```

            PITMAN, United States Magistrate Judge:


            A tape-recorded conference call having been held on November 22, 2011, for the reasons stated on the tape-recording of the call, it is hereby ORDERED that:

            1.   The parties are directed to confer with each other concerning the location of the District Manager depositions.  If any disputes arise concerning the location of particular depositions, the parties may then raise those specific disputes with me.  The centralization of these depositions will promote efficiency and is, therefore, desirable.

            2.   Defendants' objection to plaintiffs' request for (1) any complaints that each District Manager being deposed received concerning hours worked or duties

performed by Store Managers in their districts, and (2) any handwritten or typed memoranda, lists or files regarding the assignments and duties given to Store Managers is sustained to the extent that plaintiffs seek such documents with respect to Store Managers other than the fifty store managers that the parties have deposed.

    3.   Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 1 concerning the corporate formation of Rite Aid, including its organizational structure, management, business structure, ownership interests, and document retention and destruction policies is sustained.

    4.   Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 2 concerning Rite Aid's responses to plaintiffs' interrogatories is overruled.  Defendants retain the right to object to specific deposition questions concerning this topic.

    5.   Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 3 concerning Rite Aid's responses to plaintiff's document requests is overruled.  Defendants retain the right to object to specific deposition questions concerning this topic.

6. Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 4 concerning interactions among store, district, and regional management of Rite Aid is sustained.

7. Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 11 concerning Rite Aid's policy on catastrophic planning is sustained.

8. Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 12 concerning how Rite Aid determines advertising on a regional, district, and store level has been resolved by the parties.

9. Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 13 concerning how Rite Aid determines ordering and stocking on a regional, district, and store level has been resolved by the parties.

10. Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 14 concerning how Rite Aid determines the scheduling of Regional Managers, District Managers, Store Managers, and Associates is overruled to the extent that plaintiffs seek information pertaining to the programs used by Rite Aid to create suggested schedules for Store Managers and Associates.

Plaintiffs may inquire about such topics as how the systems work, their capabilities, and implementation.

11.  Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 15 concerning the process through which Rite Aid addresses human resources complaints made by Regional Managers, District Managers, Store Managers, and Associates is overruled to the extent that plaintiffs seek information pertaining to the process through which Rite Aid addresses complaints made by Store Managers and Associates at any level.

12.  Defendants' objection to plaintiffs' Rule 30(b)(6) Topic 16 concerning the process through which Rite Aid decides to classify Regional Managers, District Managers, Store Managers, and Associates as exempt or non-exempt from overtime laws is overruled to the extent that the topic relates to Store Managers. Defendants retain the right to object to specific deposition questions concerning this topic.

13.  The parties' request for a 120-day extension of the current pre-trial schedule is granted.  Plaintiffs are directed to file its Rule 23 motion and defendants are directed to file its class decertification no later than March 29, 2012.  Plaintiffs are also

4

directed to file any opposition to defendants' class decertification motion and defendants are also directed to file any opposition to plaintiffs' Rule 23 motion no later than May 30, 2012. Finally, plaintiffs are directed to file any reply in support of its Rule 23 motion and defendants are directed to file any reply in support of its class decertification motion no later than July 13, 2012.

Dated: New York, New York
       November 23, 2011

                        SO ORDERED

                        HENRY PITMAN
                        United States Magistrate Judge

Copies transmitted to:

Aneeba Rehman, Esq.
James Vagnini, Esq.
Valli Kane & Vagnini LLP
Suite 519
600 Old Country Road
Garden City, New York  11530

Daniel Turner, Esq.
Ogletree, Dearkins, Nash,
   Smoak & Stewart, P.C.
Suite 4800
191 Peachtree Street, N.E.
Atlanta, Georgia  30303

Keith A. Raven Esq.
Raven & Kolbe, LLP
Suite 202
126 East 56th Street
New York, New York  10022

Keith A. Raven Esq.
Raven & Kolbe, LLP
Suite 202
126 East 56th Street
New York, New York  10022