## Valli Kane & Vagnini
### Attorneys at Law

600 Old Country Road
Suite 519
Garden City, NY 11530

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 10 2013

Tel: 516-203-7180
Fax: 516-706-0248
www.vkvlawyers.com

**VIA FACSIMILE (212-805-7991)**

May 7, 2013

Honorable J. Paul Oetken
United States District Judge
United States Courthouse, SDNY
500 Pearl Street
New York, NY 10007

The Clerk of Court is Directed to:
___ Term motion (doc. #___)
✓ Doc. and File As: L/W

Re: *Yatram Indergit v. Rite Aid Corporation, et al.* **08 Civ. 9361 (JPO) (HBP)**

Dear Judge Oetken:

We represent Plaintiffs in the above-referenced matter and write in response to this Court's May 1, 2013 Order [Dkt. 232] requesting letter briefs on the relevance, if any, of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) (hereinafter "*Comcast*") and *RBS Citizens, N.A v. Ross*, 667 F. 3d 900 (7th Cir. 2012) (hereinafter "*Ross*") on Plaintiffs' Motion for Class Certification (hereinafter "Motion" or "Plaintiffs' Motion"). As discussed in greater detail *infra*, the *Comcast* and *RBS Citizens* decisions have no impact on Plaintiffs' Motion.

### Damages Are Not Element of Liability

*Comcast* is an antitrust case - not a wage and hour case. Unlike a wage and hour class action, the plaintiff in an antitrust class action is required to prove class-wide damages as an element of liability. *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990). Damages are not an element of liability in the case before this Court, and therefore *Comcast* is not a barrier to certification in this matter. To the extent Rite Aid argues otherwise, its argument directly conflicts with both its prior position in this case and well-settled wage and hour principles, including the rule that it is the employer's statutory duty to keep accurate records of workers' hours. Finally, *RBS Citizens, NA. v. Ross*, 667 F.3d 900 (7th Cir. 2012) remains persuasive authority on which the Court is free to rely.

### Discovery Is Bifurcated

Discovery in this case was bifurcated. As such, *Comcast* is distinguishable from the case before this Court. In May of 2012, the parties engaged in an analysis of what, if any, damages data should be produced prior to a decision on Class Certification. Plaintiffs maintained that

damages data for the entire class would be necessary to argue Class Certification. Defendants insisted that data for the fifty (50) "representative" opt-ins was sufficient, specifically stating "[i]n this case, production of pay data for all opt-ins is premature prior to a ruling on Defendant's [sic] anticipated motion for decertification." Similarly, Defendants argued that the damages for current exempt store managers continue to accrue and thus, "[t]his continual supplementation would be inefficient and would impose unnecessary costs on defendant."[1] Defendants cannot, on the one hand, argue they are entitled to withhold the production of class damages data until a decision on Class Certification is made, and on the other, seek to defeat Class Certification under the *Comcast* theory that there is no evidence of class-wide damages. Moreover, because discovery has been bifurcated, the parties are required to conduct merits discovery (i.e. damages) after the decision on Class Certification, further evidencing that Class damages data is not necessary for the decision on Class Certification.

On the issue of representative proof of damages, the record is replete with evidence of class-wide damages suffered by these Plaintiffs. Over thirty (30) class members testified that they worked more than fifty (50) hours per week. Thus, these Plaintiffs were required to work in excess of 40 hours per week without overtime compensation. *See* Plaintiffs' Opposition to Defendant's De-Certification Motion [Dkt. 225].

### *Comcast* Did Not Change the Law of Predominance

*Comcast* does not establish any new generally-applicable rule of predominance. As the Supreme Court explained, "[*Comcast*] thus turns on the straightforward application of class-certification principles." *See Comcast* at *1433; *see also id.* at *1436 (Ginsburg and Breyer, JJ., dissenting) ("[T]he [majority] opinion breaks no new ground on the standard for certifying a class action under FRCP 23(b)(3).").

*Comcast* did not modify the well-settled principle that proof of class-wide damages is not a prerequisite to certification except, arguably, in antitrust cases where class-wide injury (i.e., "antitrust impact") is an element of liability. "Recognition that individual damages calculations do not preclude class certification under Rule 23(b)(3) is well nigh universal." *Id.* at *1437 (Ginsburg and Breyer, JJ., dissenting) ("individual damage[s] calculations should not scuttle class certification under Rule 23(b)(3)") (internal quotations and citations omitted)). The majority opinion in *Comcast* does not alter this precedent, and the *Comcast* decision should not be read to require, as a prerequisite to certification, that damages attributable to a class-wide injury be measurable on a class-wide basis. *Id.* at *1436. (Ginsburg and Breyer, JJ., dissenting).

Moreover, *Comcast* cannot be interpreted to require Plaintiffs to prove damages at this stage because such an interpretation would contradict the Supreme Court's decision issued just a few weeks earlier. In *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184 (2013), the Court held that "Rule 23(b)(3) . . . does *not* require a plaintiff seeking class certification to prove that each 'element[t] of [her] claim [is] susceptible to class wide proof.'" *Id.* at 1196.  It is unlikely the Supreme Court changed its view of what is required under FRCP 23(b)(3) in the three weeks between the *Amgen* and *Comcast* decisions. Rather the more

---

[1] The language regarding the damages data production is taken from correspondence between counsel that can be produced upon request.

2

plausible reading of *Comcast* limits its application to anti-trust class cases. Furthermore, because the evidence demonstrates that Rite Aid required Store Managers to work a minimum of 50 hours per week (Dkt.225, Ex A., at. 18-22), even if *Comcast* applied to the case at bar, at a minimum the class-wide damages model requirement is met.

### Recent Decisions Citing *Comcast*

In *Harris v. Comscore, Inc.*, No. 11 Civ. 5807, 2013 U.S. Dist. LEXIS 47399 (N.D. Ill. Apr. 2, 2013), the court declined to apply *Comcast* to non-antitrust cases. *Id.* at 33, note 9. In *Harris*, the court certified a class rejecting defendant's argument that individual damages defeated certification. In discussing *Comcast*, the court reiterated the Seventh Circuit's position that "individual factual damages do not provide a reason to deny class certification when the harm to each plaintiff is too small to justify resolving the suits individually." *Id.* at 31; *see also Butler v. Sears, Roebuck & Co.*, 702 F.3d 359, 362 (7th Cir. 2012). The *Harris* court stated further that it is far more efficient to resolve all of the common issues in a single proceeding, and then to hold individual hearings on damages if necessary, than it would be to litigate all of the common issues repeatedly in individual trials. *Id. at* 32. Thus, in *Harris*, the court rejected defendant's interpretation that *Comcast* requires a new class action rule that damages attributable to a class-wide injury be measurable on a class-wide basis as a prerequisite to certification. *Id.* at 33, note 9.

Recent district court decisions citing *Comcast* within the Second Circuit do not offer anything substantive to the issues in this case. *In Roach v. T.L. Cannon Corp*, No. 3:10–CV–0591 (TJM/DEP), 2013 U.S. Dist. LEXIS 45371 (N.D.N.Y March 29, 2013), the Court denied certification because it found that the Plaintiffs' spread of hours claims under the NYLL were highly individualized. *Id.* at 9. *Roach* did not impact damages issues addressed in *Comcast*; *Roach* is not pertinent to this Court's decision.

In *Anwar v. Fairfield Greenwich Ltd.*, No. 09 Civ. 0118(VM), 2013 U.S. Dist. LEXIS 45373 (S.D.N.Y. April 4, 2013), derivative Plaintiffs, based on the *Comcast* decision, sought a pre-motion conference to address a motion for reconsideration of the court's approval of a settlement. The court denied the motion, noting that the *Comcast* decision did not address class action settlements or issues regarding partial settlement. Accordingly, *Comcast* was not applicable. *Anwar* is not pertinent to this Court's decision.

In *Tracy v. NVR, Inc.*, No. 04–CV–6541L, 2013 U.S. Dist. LEXIS 62407 (W.D.N.Y. April 29, 2013), the Court denied certification in a case involving outside sales persons based on the highly individualized nature of their employment. The issue of damages as raised within the *Comcast* decision was not pertinent to the *Tracy* decision.

### *Comcast* Does Not Impact This Misclassification Case

*Comcast* is not a barrier to certification in this case for several reasons. ***First***, damages are not a substantive element of Plaintiffs' claims as they are in antitrust litigation. This alone renders *Comcast* inapplicable for purposes of this Court's ruling on Plaintiffs' Motion. *See Harris*, at \*33, n. 9.

*Second*, Plaintiffs' theory of liability is that Rite Aid unlawfully misclassified them as exempt from overtime. Plaintiffs are entitled to payments for overtime for all the hours they worked over forty hours per work week. Plaintiffs will prove their damages on a class-wide basis through Rite-Aid documents, including the Store Manager Job descriptions, payroll records and testimony of class members and supervisors.

*Third*, Plaintiffs need not be able to prove their damages with precision to satisfy Rule 23(b)(3). "Calculations need not be exact" to establish predominance. *Comcast* at 1433. This concept is especially applicable in a wage and hour case because of the employer's statutory duty to keep accurate records of hours worked and the lesser burden on employees when employers fail to do so. The Fair Labor Standards Act and the New York Labor Law obligate employers to keep precise records of hours worked. *See* 29 U.S.C. § 211(c); N.Y. Lab. Law§§ 195, 661; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). Where an employer's records are inaccurate or incomplete, workers may demonstrate the extent of their work by "just and reasonable inference." *Id.* at 687. If the employer fails to produce specific evidence negating the inference raised by the workers, the court may award damages even though the result may be only approximate, *Id.* at 687-88, and even if the award appears to be "somewhat generous." *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 70 n.3 (2d Cir. 1997).

The *Mt. Clemens Pottery* "just and reasonable inference" is well-suited for class-wide damages estimates. Courts routinely award back pay to non-testifying claimants on the basis of evidence adduced from a "fairly representational" subset. *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985). The requirement is only that the testimony be "fairly representational." *Id.; see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88 (2d Cir. 2003) ("[T]he plaintiffs correctly point out that not all employees need testify in order to prove FLSA violations or recoup back-wages, [but] the plaintiffs must present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by the non-testifying employees.").

### *Ross* Remains Persuasive Authority

The Supreme Court issued a summary order granting, vacating, and remanding the Seventh Circuit's decision in *Ross v. RBS Citizens, NA.* for further consideration in light of *Comcast* (the "GVR Order"). *RBS Citizens, NA. v. Ross*, No. 12-165, 2013 WL 1285303 (U.S. Apr. 1, 2013). *Ross* is still considered persuasive authority, and is one of many cases certifying wage and hour class actions. The Supreme Court's GVR order does not negate the persuasiveness of *Ross*. *Tyler v. Cain*, 533 U.S. 656 (2001); *See also, Sutherland v. Ernst & Young LLP*, 768 F. Supp. 2d 547, 550-51 (S.D.N.Y. 2011) (recognizing persuasive authority of earlier Circuit decision, despite Supreme Court's GVR order).

### Conclusion

In conclusion, *Comcast* does not require Plaintiffs to establish class-wide damages to obtain class certification in wage and hour cases. Its application is limited to antitrust class certification cases, which have a distinct liability component relating to damages. In the event

4

the Court finds otherwise, one method of addressing the *Comcast* finding would be to bifurcate liability and damages. Bifurcation has already been ordered in this present case, evidencing further that the issue of liability should be made irrespective of the application of *Comcast*. Furthermore, due to Rite Aid's fifty (50) hour per week requirement imposed on class member Store Managers, even if *Comcast* was interpreted to apply to this case, Defendants' own records support Plaintiffs' class-wide damages. Thus, Plaintiffs respectfully request the Court deny Defendant's Motion for Decertification, certify the FLSA class, and grant Plaintiff's Rule 23 Class Certification Motion.

Respectfully submitted,

Robert J. Valli, Jr.

cc: Daniel Turner (by email)
Keith Raven (by email)
Jay Ellwanger (by email)

5