UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

YATRAM INDERGIT, on behalf of          :
himself and all others similarly
situated, et al.,                      :

                    Plaintiffs,        :       08 Civ. 9361 (JPO)(HBP)

     -against-                         :       ORDER

RITE AID CORPORATION, et al.,          :

                    Defendants.        :

----------------------------------X

          PITMAN, United States Magistrate Judge:

          I write to resolve the parties' dispute, framed in

their letters dated December 13, 2013, concerning the form of the

notice to be sent to the members of the New York Labor Law class.

          My rulings are embodied in the form of notice annexed

hereto.  I have prepared the form of notice annexed hereto by

starting with the version of the notice supplied by plaintiffs'

counsel and making various additions and deletions to it.  My

additions are underlined; I have not attempted to indicate my

deletions.  However, I have deleted text only in those paragraphs

to which I have added text.  Thus, the full extent of my edits

can be ascertained by studying those paragraphs containing

underlined text.  Paragraphs that do not contain underlined text

are identical to version submitted by plaintiffs.

I find that the majority of the parties' differences of opinion are little more than linguistic quibbles that are immaterial to the recipients' understanding or actions.  The one exception is defendants' position that virtually all references to the class action include the limitation that the class has been certified for liability only.  I find that defendants' draft refers to this limitation excessively and that plaintiffs' draft does not refer to it enough.  I conclude that the attached version reaches a balanced resolution of this dispute.[1]

Finally, I note that in a few instances I have made minor edits to paragraphs with which the parties had no dispute. I conclude that these edits were required by the rules of grammar.

Dated:  New York, New York
        December 27, 2013

                        SO ORDERED

                        _____
                        HENRY PITMAN
                        United States Magistrate Judge

---

[1]I have not attempted to "fine tune" the attached notice with respect to formatting issues such as page breaks, end-of-line hyphenation and "widows & orphans."  I assume counsel has access to individuals who are more adept at addressing these issues than I am and can agree on these matters.  The attached notice is not intended to prevent counsel from making any agreed upon format changes.  I also assume that my underlining will be deleted from the version of the notice that is actually sent to class members.

Copies transmitted to:

James Vagnini, Esq.
Aneeba Rehman, Esq.
Valli Kane & Vagnini LLP
Suite 519
600 Old Country Road
Garden City, New York  11530

Daniel Turner, Esq.
Beth A. Moeller, Esq.
Ogletree, Dearkins, Nash,
   Smoak & Stewart, P.C.
Suite 4800
191 Peachtree Street, N.E.
Atlanta, Georgia  30303

Keith A. Raven Esq.
Raven & Kolbe, LLP
Suite 202
126 East 56th Street
New York, New York  10022

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

**If you were employed as a salaried Store Manager in New York by Rite Aid at any time between October 31, 2002 and the present, this class action lawsuit may affect your rights.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

·   A former Rite Aid Store Manager has sued Rite Aid alleging that he and other salaried past and present Store Managers were improperly denied overtime pay for hours worked over 40 in a week in violation of the New York Labor Law.

·   The Court has ruled that this lawsuit can proceed as a class action for liability purposes only on behalf of all persons employed by Rite Aid as salaried Store Managers in the state of New York at any time from October 31, 2002 to present.  Whether the class will be certified for damages (*i.e.*, money) is a decision that will be made after a determination concering whether Rite Aid has done anything wrong.

·   The Court has not decided whether Rite Aid did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected and you have a choice to make now.  Your rights – **and the deadlines to exercise them** – are explained in this notice.  Read this notice carefully.

---

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

**DO NOTHING**   **Stay in this lawsuit.  Await the outcome.  Give up certain rights.**

By doing nothing, you become part of the class action and have the possibility of getting money or benefits that may come from a trial or a settlement if Plaintiff prevails.  Whether you are entitled to damages will be determined at a later date.  But, you give up any rights to sue Rite Aid separately about the same legal claims that are set forth in this lawsuit and you will be bound by outcome of this case.

**ASK TO BE EXCLUDED**   **Get out of this lawsuit. Get no benefits from it. Keep rights.**

If you ask to be excluded, your rights, if any, under the New York Labor Law will not be effected by the outcome of this action.  If any money or benefits are later awarded, you will not share in those.  Conversely, if Rite Aid prevails (or wins) on the issue of liability, you will not be bound by that determination.  But, you will keep any rights to sue Rite Aid separately about the same legal claims in this lawsuit and will not be bound by the outcome.

# BASIC INFORMATION

**1. Why did I get this notice?**

Rite Aid has identified you as a current or former salaried Store Manager who worked at any New York Rite Aid location (or store acquired by Rite Aid) during the period of October 31, 2002 to present. **If you are receiving this Notice, you have been identified as a member of the class as defined below and you do not need to do anything if you wish to remain a part of this class.**

**2. What is this notice?**

The purpose of this Notice is to advise you of an overtime class action lawsuit and to further advise you of certain rights you may have with respect to this lawsuit. This Notice also serves to explain (1) the procedure for excluding yourself from participation in this lawsuit, if you so desire, and (2) any possible obligation you may have if you remain a part of this class action lawsuit.

**3. What is the lawsuit about?**

The Plaintiff, Yatram Indergit, filed this lawsuit on behalf of himself and all current and former salaried Store Managers who have worked at a Rite Aid brand store in New York. In the lawsuit, Plaintiff alleges that he and other Rite Aid Store Managers should have been paid overtime for all hours worked over 40 hours per work week. This lawsuit seeks to recover unpaid wages and damages for all Rite Aid salaried Store Managers employed in New York since October 31, 2002 until the conclusion of this case. Rite Aid denies these charges and denies that Plaintiff and members of the class are entitled to recover anything. Rite Aid denies that Store Managers were entitled to overtime pay and alleges that salaried Store Managers were properly classified as being exempt from the overtime provisions of both federal and state law and were paid all the wages they were owed.

**4. What is a class action and why is this a class action?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The person who sued—and all the Class Members like them—are called the Plaintiffs. The company they sued is called the Defendant. One court resolves the issue of liability for everyone in the Class—except for those people who choose to exclude themselves from the Class.

The Court has decided that this lawsuit can proceed as a class action as to the issue of liability and can move towards a trial because, with respect to liability issues, it meets the requirements of Federal Rule of Civil Procedure 23 , which governs class actions in federal courts. If the Class prevails, or wins, on the issue of liabilty, the Court will then decide whether, and to what extent, this lawsuit can proceed as a class action for damages or whether you will thereafter be required to prove your individual damages.

2

# THE CLAIMS IN THE LAWSUIT

## NEW YORK STATE LAW CLAIMS

**5. What are Plaintiffs' New York State class claims?**

A class has been certified for claims arising under the New York Labor Law.  The class is defined as:

All persons employed by Defendants ("Rite Aid") to perform work in any of Defendants' locations as a salaried Store Manager between October 31, 2002 to the entry of final judgment in this case (the "Class Period") who have not been paid overtime premiums in violation of the New York Labor Law (the "Class").

Plaintiff claims that under New York law, you may have claims for overtime compensation for work performed over 40 hours per week that date back to October 31, 2002.

**6. What does Rite Aid say about the class claims?**

Rite Aid denies that Plaintiff, and other salaried Store Managers, are entitled to any relief in this action. Rite Aid denies that salaried Store Managers are entitled to overtime and alleges that salaried Store Managers were properly classified as exempt employees and were paid all wages they were owed. Specifically, Rite Aid asserts that Plaintiff and other salaried Store Managers have at all times been properly classified as exempt executive employees and were properly paid on a salary basis.  Rite Aid asserts that salaried Store Managers perform work that by its nature qualifies them as exempt from the overtime requirements and thus, they are not entitled to any overtime compensation.

**7. Has the Court decided who is right?**

The Court hasn't decided whether Rite Aid or the Plaintiffs are correct.  By establishing the Class and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.  The Plaintiffs must prove their claims as to liability at a trial.

**8. Am I owed money and is money available?**

No money or benefits are available now because the Court has not yet decided whether Rite Aid did anything wrong, and the two sides have not settled the case.  There is no guarantee that money or benefits will ever be obtained.  You will be notified at a later date whether you have a finding of liability in your favor, and, if so, how the specific amount of money damages to which you are entitled will be detemined.

3

**9.  What happens if I do nothing at all?**

Under New York law, if you worked as a salaried Store Manager in New York for Rite Aid on any date after October 31, 2002 and were not paid overtime, you are a part of this Class.  If you wish to participate in this class action, you do not have to do anything right now.  **If you do not request to be excluded from the class, you will be bound by the judgment of the Court, whether it is favorable or unfavorable.**  If you remain a Class Member, there is a chance you may be required to participate in the litigation process, which could include providing relevant documents in your possession and testifying (at deposition and/or trial) regarding your experience at Rite Aid. If you remain in the Class, you will not be able to bring your own suit for the same claims at a later point.

**10.  Why would I ask to be excluded? How do I do it?**

If you do not wish to participate in this class action lawsuit you must send an exclusion request in the form of a letter by _____ to the following address stating that you do not want to participate in this lawsuit:

[address of third party administrator]

If you opt-out of this lawsuit because you do not want to participate as a member of the Class, you will not be legally bound by the Court's judgments in this class action or any possible settlement in this case, and you will retain any rights you may have under the New York Labor Law.  You would keep any rights to sue Rite Aid separately about the same legal claims as asserted in this case. However, if you choose to opt-out and sue Rite Aid separately about the same legal claim, class counsel cannot represent you in that action.

### FEDERAL LAW CLAIMS

**11.  Other claims in the lawsuit:**

This Notice relates only to claims under New York State law.

If you previously submitted a consent form to participate in the portion of this case brought on behalf of salaried Store Managers pursuant to the Fair Labor Standards Act ("FLSA"), any right to participate in that portion of the case will not be affected by the New York class action part of the case.  If you were eligible to participate in the FLSA part of the case, you would have received notice of that part of the case in August 2010.  If you previously chose to participate and signed a consent to join form for the FLSA part of the case, you may continue to participate in the FLSA part of the case as well as the New York class action part of the case.  If you previously chose not to participate in the FLSA part of this case, that decision does not exclude you from the New York class action part of this case.  Unlike the FLSA part of this case, if you do not wish to participate in the New York Class Action you must affirmatively act to exclude yourself from the New York class action in the manner described above.

### RELATED ISSUES

4

**12.  I now receive overtime; can I still participate in this lawsuit?**

During the time you worked as a Store Manager for Rite Aid, the manner in which you were paid may have changed.  Specifically, if you worked as a salaried Store Manager, but at some point you were changed to a hourly-paid Store Manager, you would still be eligible to participate in this lawsuit. However, any potential recovery would be limited to any time period(s) since October 31, 2002 during which you were not being paid overtime for hours worked as a salaried Store Manager over 40 hours per week.

**13.  No retaliation permitted.**

The law prohibits Rite Aid from discharging you or in any other manner retaliating against you because you chose to participate in this case.  If you are currently employed by Rite Aid, participating in the lawsuit does not excuse you from complying with Rite Aid's existing policies and work rules.

## THE LAWYERS REPRESENTING YOU

**14.  Do I have a lawyer in this case?**

The Court has decided that the law firms of Valli Kane &Vagnini LLP and DiNovo Price Ellwanger & Hardy LLP are qualified to represent you and all Class Members.  Together the firms are called "Class Counsel."

Plaintiff's Class Counsel is:

| | |
|---|---|
| Robert J. Valli, Jr. | Jay D. Ellwanger |
| James Vagnini | **DiNovo Price Ellwanger& Hardy LLP** |
| **Valli Kane &Vagnini LLP** | 7000 North MoPacExpy, Ste. 350 |
| 600 Old Country Road, Suite 519 | Austin, Texas 78731 |
| Garden City, New York | (T): (512) 539-2630 |
| (T)  (866) 441-2873 | (F): (512) 539-2627 |
| (T): (516) 203-7180 | www.dpelaw.com |
| (F):(516)706-0248 | |
| www.vkvlawyers.com | |

**15.  Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**16.  How will the lawyers be paid?**

If Class Counsel <u>succeeds in obtaining</u> money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels'

request, the fees and expenses would be either be deducted from any money obtained for the Class or paid separately by Rite Aid.

## GETTING MORE INFORMATION

PLEASE CONTACT CLASS COUNSEL AT (866) 441-2873, (516)203-7180 AND OR RITEAID@VKVLAWYERS.COM WITH ANY QUESTIONS REGARDING THIS LAWSUIT.

PLEASE DO NOT CONTACT THE COURT ABOUT THIS NOTICE.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT.  THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF EITHER THE PLAINTIFF'S CLAIMS OR RITE AID'S DEFENSES.