```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
YATRAM INDERGIT, on behalf of himself and                    :
others similarly situated,                                   :
                                                             :
                              Plaintiffs,                    :        08 Civ. 9361 (JPO)
                                                             :
              -v-                                            :        OPINION AND ORDER
                                                             :
RITE AID CORPORATION, RITE AID OF NEW                        :
YORK, INC., and FRANK OFFOR as Aider &                       :
Abettor,                                                     :
                              Defendants.                    :
                                                             :
-------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff Yatram Indergit, on behalf of himself and others similarly situated, asserts claims against Rite Aid Corporation, Rite Aid of New York, Inc., and Frank Offor (collectively, "Rite Aid") for failure to compensate its store managers ("SMs") for overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 650 *et seq.* ("NYLL"). In an Opinion and Order dated September 26, 2013, the Court granted Plaintiffs' motion to certify a Rule 23 NYLL class as to liability but not as to damages, and denied Rite Aid's motion to decertify the FLSA collective action. *Indergit v. Rite Aid Corp.*, 293 F.R.D. 632 (S.D.N.Y. 2013). Rite Aid has moved for reconsideration of that Order pursuant to Local Civil Rule 6.3. For the reasons that follow, the motion is denied.

**I.      Legal Standard**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the

1

availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013) (citation omitted).  A motion for reconsideration is not an opportunity "to obtain a second bite at the apple." *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, *2 (S.D.N.Y. Apr. 5, 2013) (citation omitted).  Thus, the movant cannot rely upon facts, issues, or arguments that were previously available but not presented to the court, or reargue issues that have already been considered.  *See Hayles v. Adv. Travel Mgmt. Corp.*, 01 Civ. 0017 (BSJ), 2004 WL 117597, *1 (S.D.N.Y. Jan. 26, 2004).

## II.   Discussion

Familiarity with the underlying facts of this case, which are set forth in the Court's prior opinions, is presumed.  In its September 26, 2013 Opinion and Order ("Order"), the Court determined that Plaintiffs had satisfied the requirements of Rule 23(a) and 23(b)(3) and demonstrated that the opt-in class members are "similarly situated" to warrant collective action treatment.  Rite Aid moved for reconsideration of the Order on October 11, 2013 on three grounds.  (Dkt. No. 245.)  First, it asserts that the Court should decertify the damages portion of the FLSA collective action to prevent manifest injustice.  Second, it argues that it was clear error for the Court to conduct and rely upon its own survey of deposition testimony.  Third, it asks the Court to hold the instant motion in abeyance pending resolution of renewed motions for summary judgment against Indergit and several other unspecified individuals.  The Court addresses each basis in turn.

### A.   Decertification of FLSA Action as to Damages

In its Order, the Court granted class certification of the NYLL claims as to liability but not as to damages, reasoning that there was "no showing from Plaintiffs that the relevant records for SMs even exist, let alone a sufficient explanation for an approach calculating damages."

2

*Indergit*, 293 F.R.D. at 659.  Rite Aid contends that, for the same reasons, the Court should decertify, at a minimum, the damages portion of the collective action to prevent manifest injustice.

As an initial matter, Rite Aid has already argued that the issue of proof of damages requires decertification of the collective action.  (Dkt. No. 206 at 33-35; Dkt. No. 214 at 5 n.13, 13.)  The fact that the Court did not specifically address this argument in its Order does not mean that it was not considered and rejected.  As Plaintiffs observed in their opposition memorandum, the issue of damages does not preclude collective action, and the case can be bifurcated into liability and damages phases if and when that becomes necessary.  (Dkt. No. 208 at 20-21, 28 n.15.); *see, e.g.*, *Andrako v. U.S. Steel Corp.*, 788 F. Supp. 2d 372, 380-83 (W.D. Pa. 2011); *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1025 (D. Minn. 2007).  Rite Aid cites *Espenscheid v. DirectSat USA*, where the Seventh Circuit affirmed the district court's decertification of a FLSA collective action on the basis that the testimony proffered by plaintiffs to prove damages was not sufficiently representative.[1]  705 F.3d 770, 772, 774 (7th Cir. 2013) (Posner, J.).  That case, however, rests upon the premise that Rule 23's certification requirements apply in FLSA collective actions.  *Id.* at 771-72 ("[T]here isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards . . . .").  That principle has not been adopted in this Circuit, *see, e.g.*, *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 263 (S.D.N.Y. 1997) (Sotomayor, J.) (citations omitted), and "[m]ost courts have held that Rule 23 certification requirements do not apply in collective actions . . . ," Wright & Miller, 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.).

---

[1] The Court already previously considered *Espenscheid*, which was briefed by Rite Aid in its supplemental letter brief.  (Dkt. No. 234.)  Rite Aid also relies upon this Court's decision in *Jacob*.  That case, however, involved a motion for reconsideration of certification of a Rule 23 class, not a FLSA collective action.

Consequently, the fact that Plaintiffs failed to show that individualized proof of damages will not predominate other common issues—as required under Rule 23—does not mean that the collective action must be decertified as to damages.

### B.  Reliance Upon Survey of Deposition Testimony

Rite Aid next argues that the Court should set aside its factual findings and legal conclusions that are based upon the Court's survey of deposition testimony.  In its Order, the Court analyzed testimony from various SMs and found that the testimony was generally consistent and variances were largely outliers or predictable minor variations.  Rite Aid asserts that it was clear error to conduct and rely upon such a survey because the sample—composed of 25 SMs chosen by Plaintiffs and 25 chosen by Rite Aid—is not representative of the class.

It is well settled that "[w]hen a defendant in a suit for lost wages under the FLSA fails to maintain employment records as required by the Act, an employee . . . may submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred," which may include representative testimony.  *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997) (citation and quotations omitted).  Although Rite Aid asserts that there must be a statistical basis for the sample to be representative, the focus in *Reich* was simply upon whether the sample had qualitative factors that could give rise to a reasonable inference of a violation or damages.  *Id.* at 66-69 (generally consistent testimony of 39 employees, accounting for each of the five job categories in question and each of the three worksites, was representative).  Rite Aid contends that, even so, there is no basis for concluding that the deposition testimony was a representative sample in terms of geographic region or store type.  But Rite Aid relied upon this same sample to argue that the SMs were too dissimilar to permit collective action.  It cannot raise this objection now that it received an unfavorable decision.  In any event, the Court also relied upon non-deposition materials, including Rite Aid's

4

official description of SMs' duties and corporate policy documents. *Indergit*, 293 F.R.D. at 652-54.  The Court is not persuaded that reliance upon a plausibly representative sample of testimony, alongside other non-testimonial materials, cannot give rise to a reasonable inference of violation of FLSA and the NYLL.  Relief on this basis is therefore denied.

### C. Abeyance Pending the Filing and Resolution of Summary Judgment Motions

Finally, Rite Aid asks the Court, "in the interests of judicial economy and to avoid manifest injustice . . . to hold both of the above grounds [for reconsideration] in abeyance and permit Defendants to renew their motion for summary judgment on Plaintiff Indergit's claims, as well as file several other motions for summary judgment."  (Dkt. No. 246 at 9.)  Rite Aid relies upon *The Author's Guild, Inc. v. Google, Inc.*, a copyright infringement class action by authors challenging Google's practice of posting searchable "snippets" of their publications in its online Library Project.  721 F.3d 132, 133 (2d Cir. 2013).  Google asserted a fair use defense against all plaintiffs.  On appeal, the Second Circuit vacated the district court's grant of class certification and remanded for resolution of Google's fair use defense, reasoning that "resolution of [the defense] in the first instance will necessarily inform and perhaps moot our analysis of" the certification issues.  *Id.* at 134 (citations omitted).

Rite Aid argues that abeyance is appropriate in this case because the Court previously recognized that "if one SM is properly classified as exempt . . . so too must be all the SMs." *Indergit*, 293 F.R.D. at 650.  The Court disagrees.  First, *Google* abeyance is simply an instance of "the frequent practice of [the Circuit] to remand a case for a limited purpose while an appeal is held in abeyance." *Balintulo v. Daimler AG*, 727 F.3d 174, 193 & n.30.  It is therefore doubtful that it is a mechanism that can be utilized by a district court.  Indeed, as far as this Court is concerned, the class certification analysis is already complete, so the rationale of *Google* does not apply.  Second, were Rite Aid's interpretation of *Google* correct, overtime wage and hour

5

class actions would be substantially delayed because defendants could almost always—if not always—seek abeyance of class proceedings pending resolution of motions against individual plaintiffs.  Since this Court has already determined that Plaintiffs' claims are susceptible to class resolution, the more efficient approach is for Rite Aid to move for summary judgment against the class if it wishes to do so.

### III. Conclusion

For the foregoing reasons, Rite Aid's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the motion at docket number 245.

Dated: New York, New York
       June 17, 2014

_____
J. PAUL OETKEN
United States District Judge