

**Littler Mendelson, P.C.**
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA 30326.4803

Daniel E. Turner
404.443.3525 direct
404.233.0330 main
404.420.2480 fax
dturner@littler.com

January 23, 2015

**VIA ECF**

Honorable J. Paul Oetken
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     *Yatram Indergit v. Rite Aid Corporation, Rite Aid of New York, Inc.*; Case No. 08 Civ.
        9361 (JPO)(HBP).

Dear Judge Oetken:

Pursuant to the Court's directive at the December 10, 2014 conference with the parties, this letter is submitted jointly on behalf of Plaintiff Yatram Indergit ("Plaintiff") and Defendants Rite Aid Corporation[1] and Rite Aid of New York, Inc. ("Defendants" or "Rite Aid") (collectively the "parties") regarding discovery in this matter.

The parties have been conferring regarding merits discovery from Store Manager opt-ins and class members. With Defendants' reservation of objections,[2] the parties have reached tacit

---

[1] Rite Aid Corporation was not, and never has been during the relevant time frame, Plaintiff's employer. Plaintiff's employer at all relevant times was Rite Aid of New York, Inc. Rite Aid Corporation appears specially and without waiver of any jurisdictional defenses.

[2] Defendants maintain and do not waive their objection to any reliance on the depositions taken to date as representative for class certification, class adjudication, or any other purpose and do not waive their arguments that any further discovery must be done on a statistically valid basis, such as that set forth in Dr. Janet Thornton's December 3, 2014 Report, before any of the testimony can be considered representative for due process purposes. The Court's statements at the December 10, 2014 conference that it would not permit even an additional 25 depositions at this merits discovery stage foreclose the possibility of doing discovery on a statistically valid basis or allow for statistically reliable representative proof. As set forth in Defendants' December 3, 2014 letter brief, along with the Report of Dr. Janet Thornton, Dkt. No. 264, Defendants maintain that the current discovery record is insufficient for any merits determinations and that a statistically valid approach to merits discovery is essential. Any sampling to develop "representative" evidence for liability purposes must protect the parties' (and absent class members') due process rights and be based on sound statistical sampling methodologies. *See e.g. Duran v. U.S. Bank, N.A.*, No. 5200923, 2014 WL 2219042 (Cal. May

agreement on a proposed framework for the selection of additional Store Manager opt-ins and class members for deposition for development of a record to which Plaintiff will agree is "representative" for purposes of a determination on the merits. However, in order to come to final agreement on this proposed framework, additional data must be collected to determine specific parameters for the selection of the deponents. This needed data includes, but is not limited to, the number of stores within particular store volume categories. Rite Aid is in the process of obtaining the additional data requested by Plaintiff that will further aid the parties' conferrals. This collection of data will likely take several weeks and the parties will then reconvene to specifically determine the selection process for these additional Store Manager deponents.[3]

If the parties are unable to reach agreement on additional Store Manager depositions after review of the requisite data, the parties will contact the Court for further guidance. Once the parties have reached agreement on the manner of selection and number of additional Store Manager depositions, the parties will provide a report to the Court outlining the parties' agreements, and setting forth any remaining areas of disagreement. The parties will also attempt to confer about the remaining merits discovery that may be required prior to the filing of a motion for summary judgment and trial of this matter.

As always, the parties remain available for a conference with the Court at the Court's convenience to discuss these issues.

Sincerely,

*s/ Daniel E. Turner*

Daniel E. Turner
Counsel for Defendants

cc:     All counsel of record (via ECF)

---

29, 2014); *Espenscheid v. DirectSat USA*, 705 F.3d 770, 775-76 (7th Cir. 2013); *Thompson v. Bruister & Assocs., Inc.*, 2013 U.S. Dist. LEXIS 139374 (M.D. Tenn. Sept. 27, 2013).

[3] In addition to gathering requested data, the undersigned counsel for Defendants has recently changed firms, which has resulted in a slight delay in being able to provide counsel for Plaintiff some of the requested data due to the time required to transfer the case file in this matter.