```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

YATRAM INDERGIT, on behalf of      :
himself and all others
similarly situated,                :   08 Civ. 9361 (JPO)(HBP)

                Plaintiff,         :   ORDER

    -against-                      :

RITE AID CORPORATION, et al.,      :

                Defendants.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

In this hybrid action involving claims under the collective action provisions of the FLSA and class action claims under the New York Labor Law, defendants seek to depose unnamed class members who have not opted in to the FLSA collective. Plaintiffs oppose the application as improperly seeking discovery of absent class members.[1]

The parties have agreed that defendants may take eight additional depositions of members of the New York Labor Law class

---

[1] Plaintiffs' motion to certify a Rule 23 class of current and former New York Rite Aid store managers was granted as to liability only because there was insufficient evidence to certify the New York class for damages purposes at that time. Indergit v. Rite Aid Corp., 293 F.R.D. 632 (S.D.N.Y. 2013), reconsideration denied, 52 F. Supp. 3d 522 (S.D.N.Y. 2014) (Oetken, D.J.).

during the merits phase of discovery and have also agreed on a procedure for a random selection of deponents.[2] The parties disagree, however, about the pool from which these deponents will be taken. Plaintiffs assert that only those class members that have opted into the FLSA collective action should be included while defendants argue that the pool should be selected from the entire New York class, including those who have not opted into the FLSA collective action. There are over 1,700 individuals in the New York class; of these, only 204 New York store managers have opted into the collective action, leaving approximately 1,500 New York class members who are not part of the collective action.

Defendants bear the burden of justifying discovery from absent class members and "the burden on the defendant to justify discovery of absent class members by means of deposition is

---

[2] Defendants maintain various objections to the current discovery plan but recognize that the Court previously rejected their arguments. According to defendants, at the December 10, 2014 conference, "the Court rejected Defendants' proposed discovery plan", including the number of depositions to be taken, and "directed the parties to confer about a method of selecting the limited number of additional persons to be deposed[.]" Thus, defendants contend, "[w]ithin the confines set by the Court and without waiving their objections, Defendants have agreed to take the remaining depositions they are allowed in the manner" set forth in the joint submission (Joint Letter to the Honorable J. Paul Oetken re Joint Proposed Discovery Plan, dated July 2, 2015 (Docket Item ("D.I.") 281), at n.3).

2

particularly heavy." Redmond v. Moody's Inv. Serv., 92 Civ. 9161 (WK), 1995 WL 276150 at *1 (S.D.N.Y. May 10, 1995) (Francis, M.J.) (citation omitted). "[D]iscovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate." Redmond v. Moody's Inv. Serv., supra, 1995 WL 276150 at *1. "The conflict is between the competing interests of the absent class members in remaining passive and the defendant in having the ability to ascertan necessary information for its defense." Town of New Castle v. Yonkers Contracting Co., Inc., 88 Civ. 2952 (CES), 1991 WL 159848 at *1 (S.D.N.Y. Aug. 13, 1991) (Stewart, D.J.). And, as the Court of Appeals has noted, unlike an FLSA collective action, Rule 23 has no requirement that class members take any affirmative action to be a member of the class. See Kern v. Siemens Corp., 393 F.3d 120, 126 (2d Cir. 2004) ("we find scant support for the proposition that a court could ever certify a class with an 'opt in' provision during the liability stage of the litigation.") (emphasis in original). Where a defendant seeks discovery from absent class members, "[c]ourts consider whether discovery of absent class members (1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." In re Warner

3

Chilcott Ltd. Sec. Litig., 06 Civ. 11515 (WHP), 2008 WL 344715 at *2 (S.D.N.Y. Feb. 4, 2008) (Pauley, D.J.), citing Krueger v. New York Tel. Co., 163 F.R.D. 446, 450 (S.D.N.Y. 1995) (Koeltl, D.J.) and Redmond v. Moody's Inv. Serv., supra, 1995 WL 276150 at *1.

Applying the aforementioned factors, I find that defendants have presented a sufficient basis for the limited discovery they seek of absent class members.

First, the discovery defendants seek from absent class members goes to common issues. The nature of the job duties performed by defendants' store managers is a common question because plaintiffs contend that the store managers, as a group, were improperly classified as exempt from the overtime pay requirements imposed by law. See Indergit v. Rite Aid Corp., supra, 293 F.R.D. at 652. Defendants seek discovery from absent class members who did not join the FLSA collective regarding their work experiences and job duties to assess their claims and gather support for their affirmative defenses (Defendants' Letter re Outstanding Discovery Issues, dated Sept. 11, 2015 (D.I. 284), at 8). Defendants assert that they wish to "develop evidence related to the myriad reasons why Plaintiffs' overtime claim is not appropriate for continued class treatment, or alternatively, develop and present defenses at trial related to the merits of the claim" (Defendants' Letter re Outstanding Discovery Issues,

4

dated Sept. 11, 2015 (D.I. 284), at 12).  This is an appropriate area of inquiry for absent class members.

As to the second and third factors, defendants' request is narrowly tailored and the limited number of depositions sought will not impose an undue burden on plaintiffs or their counsel. Defendants seek only eight depositions from the New York class, a number that plaintiffs do not oppose.  See Kress v. Price Waterhouse Coopers, 08 Civ. 0965 (LKK) (GGH), 2012 WL 4465556 at *4 (E.D. Cal. Sept. 25, 2012) (permitting 25 depositions of absent class members out of 1,709 total class as not "unduly burdensome").  Further, not all of those depositions will necessarily be of truly "absent" class members since the pool from which the selection will be made will include the 204 class members who opted into the New York class.  Opt-in plaintiffs are not "absent" for purposes of this analysis because they have affirmatively chosen to participate in the collective action. See Perkins v. S. New England Tel. Co., 07 Civ. 967 (JCH), 2010 WL 2026439 at *1 (D. Conn. May 21, 2010) (defining "the absent class members" as the non opt-in class members); Luna v. Del Monte Fresh Produce (Southeast), Inc., 06 Civ. 2000 (JEC), 2007 WL 1500269 at *7 (N.D. Ga. May 18, 2007) ("Having opted into the litigation, [these plaintiffs] are not 'passive' in the same sense as absent Rule 23 class members.").  Given the limited

5

nature of the discovery sought of absent class members, defendants' request is sufficiently narrow and will not impose undue burden on plaintiffs.

As to the final factor, defendants have also demonstrated that the limited discovery they seek is not available from the named plaintiff or opt-in plaintiffs. As noted above, defendants seek to depose the non-opt-in plaintiffs in order to discover the nature of their job duties and experiences. Defendants argue that the opt-in plaintiffs, who have "affirmatively" asserted claims against defendants, will not be able to testify as to the nature of the job duties of the Rule 23 class members who chose not to opt into the FLSA collective. Plaintiffs are correct that defendants may not seek discovery from non-opt-in class members concerning their decision not to opt in to the collective action -- this is contrary to the policy that absent class members have a right to remain passive. See Perkins v. S. New England Tel. Co., supra, 2010 WL 2026439 at *2 (denying request for depositions of non opt-ins for the purpose of exploring "'whether these class members' decision to take no action in response to the notice of the lawsuit . . . was purposeful'") (citation omitted). However, the nature of the non-opt-in class members' job duties is relevant to class-related issues. The non-opt-in class members are in the best position to

6

testify as to this issue and discovery from absent class members concerning analagous issues has been permitted in other cases. See Krueger v. New York Tel. Co., supra, 163 F.R.D. at 451 (allowing absent class member discovery on "a class-wide issue going to the heart of the plaintiffs' claim"); Bruhl v. Price Waterhousecoopers Int'l, 03 Civ. 23044, 2010 WL 5090207 at *2 (S.D. Fla. Dec. 8, 2010) (allowing depositions of absent class members where there was "no other way" for defendant to get the information, which was relevant to class issues); In re Nat'l W. Life Ins. Deferred Annuities Litig., 05 Civ. 1018 (WVG), 2010 WL 4809330 at *3 (S.D. Cal. Nov. 19, 2010) (allowing 16 depositions of absent class members and stating "[w]hether Defendants' strategy will ultimately be successful is uncertain . . . However, the Court is unwilling to deny Defendants the opportunity to meaningfully defend themselves."), sustained in relevant part, 2011 WL 3438186 at *1 (S.D. Cal. Jan. 19, 2011); In re Warner Chilcott Ltd. Sec. Litig., supra, 2008 WL 344715 at *2 (allowing "short depositions" of absent class members where "discovery is necessary for their defense, narrowly tailored, and will not impose undue burden on the absent class members"); see also Redmond v. Moody's Inv. Serv., supra, 1995 WL 276150 at *2 (denying depositions of absent class members but allowing written discovery to allow defendant "to determine whether the experience

7

of nonrepresentative class members will confirm or rebut the claims of classwide discrimination"). On balance, given that defendants seek this information from a limited number of deponents and that the information is necessarily not available from the named plaintiff or opt-ins, defendants have satisfied this factor in favor of the limited discovery sought here.

In opposition to defendants' application, plaintiffs cite Youngblood v. Family Dollar Stores, Inc., 09 Civ. 3176 (RMB), 10 Civ. 7580 (RMB) (S.D.N.Y. Jan. 23, 2012) (Berman, D.J.) (unreported) ("Youngblood Order"). That decision does not change the result here. The defendants in that case sought the depositions of twenty-five absent class members in order to "among other things, develop evidence that there are 'differences' among class members." Youngblood Order at 1. The defendants did not meet their burden in part because the discovery sought went to individual issues, rather than common questions. Youngblood Order at 1. The Court also found that there were alternative discovery devices available to defendants, including "documentary evidence adduced which sets forth the duties and responsibilities of Defendants' store managers, 'often in minute detail,' or upon written interrogatories." Youngblood Order at 2. Here, on the other hand, defendants seek fewer depositions, there is no clear indication that the information

8

defendants seek is available from other sources,[3] and plaintiffs have not suggested that they would agree to written interrogatories.

For the foregoing reasons, defendants' application to take the depositions of eight class members from the entire New York class of over 1,700 store managers is granted.

Dated:  New York, New York
        November 30, 2015

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[3] In a supplemental letter submitted by plaintiffs regarding the decision in Youngblood v. Family Dollar Stores, Inc., they assert that the information is available from documentary evidence in defendants' possession (Plaintiffs' Supplemental Letter, dated Oct. 9, 2015 (D.I. 285), at 3-4). Defendants were not given an opportunity to respond to this argument because the parties' supplemental letters were due and filed simultaneously. In any event, I find that even if relevant information could be gleaned from these sources, the depositions requested of the class members are not burdensome and are more likely to yield the information defendants seek regarding the deponents' job duties.

9