UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YATRAM INDERGIT, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>RITE AID CORPORATION, RITE AID OF NEW YORK, INC. and FRANK OFFOR as Aider & Abettor,<br><br>                    Defendants. | 08 Civ. 9361 (JPO) (HBP)<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' "MOTION TO SET ASIDE" AND "RULE 72(a) OBJECTIONS" |

Defendants Rite Aid Corporation and Rite Aid of New York, Inc.[1] ("Defendants" or "Rite Aid"), file this response in opposition to Plaintiffs' "Motion to Set Aside"[2] Magistrate Judge Pitman's November 30, 2015 discovery Order (Dkt. 292) ("Discovery Order"). Plaintiffs challenge the nondispositive Discovery Order as "clearly erroneous" and "contrary to law" pursuant to Federal Rule of Civil Procedure 72(a). But as detailed below, after letter briefing, a conference, and follow-up briefing from the parties, Magistrate Judge Pitman's Discovery Order permitting the depositions of up to 8 absent NYLL class members properly balances the parties' interests and the applicable caselaw. As such, the Court cannot be "left with the definite and firm conviction that a mistake has been committed," and Plaintiffs' Objections must be denied.

---

[1] Rite Aid Corporation was not, and never has been during the relevant time frame, any Plaintiff's employer. Plaintiff Indergit's employer at all relevant times was Rite Aid of New York, Inc. Rite Aid Corporation appears specially and without waiver of any jurisdictional defenses.

[2] Plaintiffs' memorandum in support separately identifies the motion as "Plaintiffs' Rule 72(a) Objections to the Magistrate's November 30, 2015 Order Allowing Depositions of Absent Class Members." Plaintiffs corrected their filing in Dkt. 294 on December 24, 2015. Defendants refer to Plaintiffs' filing below as "Plaintiffs' Objections."

*Golden Horn Shipping Co., Ltd.*, No. 14-CV-2168, 2015 WL 6684518 at *1 (S.D.N.Y. June 30, 2015)(Oetken, J.).[3]

## I.   RELEVANT FACTUAL BACKGROUND

After the December 10, 2014 conference with the Court regarding the case status and discovery,[4] the parties engaged in lengthy conferral based on Defendants' request that Plaintiffs propose a plan for merits discovery which Plaintiffs would agree is "representative" for a merits determination.   With Defendants' express reservation of objections,[5] the parties reached

---

[3] (Cit. & quotations omitted) (denying objections and finding the Court was "left quite far" from finding such a mistake).

[4] Defendants assume the Court's familiarity with the lengthy procedural history of the FLSA and NYLL misclassification claims at issue.  On December 3, 2014, Defendants submitted a letter brief detailing the requirement that any purportedly "representative" evidence as to the class and collective claims and defenses for merits purposes be developed on a statistically valid basis and proposed a highly-detailed discovery plan developed by a well-respected labor economist.  *See* Dkt. 264.  Defendants' proposed a plan for a statistically valid initial approach to merits discovery in this case, but at the December 10, 2014 conference, the Court rejected Defendants' proposed plan and directed the parties to confer regarding what "additional store manager type discovery like depositions is needed before a summary judgment motion can be filed, if that's what defendants intend to do." (*See* Dkt. 268, Transcript of December 10, 2014 conference at p. 45).  The Court specifically recognized the need for a "valid methodology for obtaining a representative sample." (*See id.* at p. 30).

[5] Defendants maintain and do not waive their objection to any reliance on the discovery permitted and depositions taken to date (and the limited additional depositions now allowed) as representative for class certification, class adjudication, or any other purpose and do not waive their arguments that any further discovery must be done on a statistically valid basis, per Dr. Janet Thornton's December 3, 2014 Report, before any of the testimony can be considered "representative" for due process purposes.  The Court's statements at the December 10, 2014 conference that it would not permit even an additional 25 depositions at this merits discovery stage foreclose the possibility of doing discovery on a statistically valid basis or allow for statistically (or otherwise) reliable representative proof.  As set forth in Defendants' December 3, 2014 letter brief, along with the Report of Dr. Janet Thornton, Dkt. 64, Defendants maintain that the current discovery record is insufficient for any merits determinations and that a statistically valid approach to merits discovery is essential.   Any sampling to develop "representative" evidence for liability purposes must protect the parties' (and absent class members') due process rights and be based on sound statistical sampling methodologies.  *See e.g. Duran v. U.S. Bank, N.A.*, No. 5200923, 2014 WL 2219042 (Cal. May 29, 2014)*; Espenscheid v. DirectSat USA*, 705 F.3d 770, 775-76 (7th Cir. 2013)*; Thompson v. Bruister & Assocs., Inc.*, 2013 U.S. Dist. LEXIS 139374 (M.D. Tenn. Sept. 27, 2013).  Moreover, any "representative" evidence must afford a

agreement on Plaintiffs' proposals as to a majority of the issues regarding this merits discovery phase of Plaintiffs' FLSA collective action and NYLL class action claims, as detailed in their July 2, 2015 proposed discovery plan.  (Dkt. 281.)

Plaintiffs agreed to allow Defendants to depose an additional 8 NYLL class members during the merits discovery phase, however, Plaintiffs refused to agree that any of those 8 depositions could be of absent NYLL class members.  Accordingly, on September 11, 2015, the parties submitted letter briefs to Magistrate Judge Pitman detailing their respective positions on this and other issues as to which they could not agree.  (Dkt. Nos. 283-285.)  Magistrate Judge Pitman held a conference and heard argument on the issues on October 1, 2015, and further permitted additional letter briefing from the parties filed October 9, 2015.   (Dkt. Nos. 287-289.)

Magistrate Judge Pitman's Discovery Order granted Defendant's request to depose the very limited number of absent class members offered by Plaintiffs, finding "the nature of the non-opt-in class members' job duties is relevant to class-related issues."  (Dkt. 292 at 6.)  To place the Discovery Order in context, Defendants note that their discovery regarding the claims of absent NYLL class members has been severely limited, as follows:

- Given prior limitations on discovery, *see* Order, Dkt. 131, the current discovery record for purposes of adjudicating Plaintiffs' NYLL claims and Defendants' affirmative exemption and other defenses to those claims is limited to depositions of six (6) New York SMs, *all* of whom are opt-ins and affirmatively assert FLSA claims against Defendants, from a class of over 1,700 New York SMs.[6]

---

defendant the right to determine whether there are absent class members who were not injured by the challenged practice and cannot prove damages.  *See Tyson Foods, Inc. v. Bouaphakeo,* 765 F.3d 791 (8th Cir. 2015), *cert. granted*, 135 S.Ct. 2806.

[6] Defendants noticed the depositions of five (5) additional New York Store Manager opt-ins who failed to appear for their depositions – in other words the number of New York opt-ins who

- Of those receiving notice, only 204 New York class members opted in to the FLSA collective action. In excess of 80% of the absent class members elected *not* to participate. The New York class further includes absent class members employed by Defendants long after the notice was sent.

- The limitations period applicable to the New York class claims is at least two times longer than the limitations period applicable to opt-ins' FLSA claims, and in some cases three or more times longer.

- Discovery as to the New York class claims has therefore been permitted from only 0.3% of the more than 1,700 members of the New York class and only from opt-in New York SMs handpicked by the parties to date.

Thus, despite Plaintiffs' protests of undue burden, the Discovery Order properly permits the eight additional New York class member depositions to be selected from "the entire New York class of over 1,700 store managers." (Dkt. 292 at 9.) If only absent New York class members are included in the 8 depositions, those depositions still afford Defendants testimony from less than half of one percent of the total New York class.

## II.   **ARGUMENT AND CITATION OF AUTHORITIES**

### A.   **Plaintiffs Cannot Satisfy Rule 72(a)'s Standard for Setting Aside the Discovery Order**

Plaintiffs acknowledge that they must prove the nondispositive Discovery Order is clearly erroneous or contrary to law. Their assertion that even one of these prongs is met, much less that "both prongs of this analysis have been met," is inaccurate. (Dkt. 293 at 7.) As this Court has explained in the context of similar discovery-related rulings, an order is "'clearly

---

refused to appear to offer evidence regarding their NYLL and FLSA claims was almost equal to the handful Defendants were permitted to depose.

erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Goonewardena v. State of New York Workers Comp. Bd.,* No. 09-CV-8244(RA), 2015 WL 3404078, at *1 (S.D.N.Y. May 27, 2015)(denying objections to a discovery order where there was sufficient evidence in the record to support Magistrate Judge Pitman's findings)(quoting *U.S. v. Gypsum Co.,* 333 U.S. 364, 395 (1948)).  An order is contrary to law within the meaning of Rule 72(a) "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Automobile Club of New York, Inc. v. Port Auth. Of NY,* No. 11-civ-6746, 2015 WL 3404111, at *2 (S.D.N.Y. May 27, 2015)

This "highly deferential standard of review" means that Magistrate Judge Pitman is "afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if [his] discretion is abused.'" *Goonewardena,* 2015 WL 3404078 at *1(quoting *Am. Stock Exch., LLC v. Mopex, Inc.,* 215 F.R.D. 87, 90 (S.D.N.Y. 2002)).  Even where "reasonable minds may differ on the wisdom" of the discovery ruling, this Court has found that "is not sufficient to overturn a magistrate judge's decision." *Id.* (quoting *Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp.2d 260, 263 (S.D.N.Y. 2013)).

### B.   The Discovery Order Applied the Correct Standards and Properly Found Defendants Satisfied Their Burden

Plaintiffs' Motion amounts to nothing more than a rehashing of the caselaw and record already carefully analyzed by Magistrate Judge Pitman.  For example, although most of Plaintiffs' brief is devoted to arguing Defendants bear a "particularly heavy" burden of proof on this issue and detailing the multi-part test courts in this district have applied,[7] the Discovery

---

[7] (Dkt. 293 at 8-9).  Defendants note that although Plaintiffs repeatedly refer to the "Second Circuit" in referencing multiple cases, each of the decisions were issued by this Court.

Order specifically applied the same exacting burden of proof and test, such that there is simply no basis for any claim that the decision is either clearly erroneous or contrary to law.  (Dkt. 292 at 2-7.)

Moreover, Plaintiffs' attempt to paint Defendants' need for discovery of absent New York SMs' actual duties during the lengthy limitations period as "individual" discovery, rather than regarding common questions, fails.  (Dkt. 293 at 10.)  That absent class members may testify that their job duties and experiences were different from (or for that matter the same as) other opt-in Plaintiffs' testimony does not mean the necessary depositions are focused on individual, rather than class issues.  As Magistrate Judge Pitman explained, "[t]he nature of the job duties performed by defendants' store managers is a common question because plaintiffs contend that the store managers, as a group, were improperly classified as exempt from the overtime pay requirements."[8]  (Dkt. 292 at 4.)

---

[8] Nor does the caselaw Plaintiffs cite support their contention that the discovery sought is not about common issues.  For example, in *Redmond v. Moody's Investor Serv., Inc.,* No. 92-cv-9161, 1995 WL 276150 at *1-2 (S.D.N.Y. May 10, 1995), the court generically stated that the defendant "has not yet demonstrated a basis for deposing the sixty-eight nonrepresentative class members.  It has not identified any such class member whose knowledge about classwide [discrimination] issues is superior to that of the named plaintiffs," but specifically permitted the defendant to utilize discovery to "determine whether the experience of nonrepresentative class members will confirm or rebut the claims of classwide discrimination."  Similarly, Magistrate Judge Pitman properly distinguished *Youngblood v. Family Dollar Stores, Inc.,* Nos. 09-cv-3176, 10, 10-cv-7580 (S.D.N.Y. Jan. 23, 2012)(unreported), which did not involve hybrid FLSA and NYLL claims, after considering the parties' follow-up briefing on the decision.  (Dkt. Nos. 288, 289.)  *See also Dubin v. E.F. Hutton Grp., Inc.*, No. 88 CIV0876, 1992 WL 6164, *2-4 (S.D.N.Y. Jan. 8, 1992)(refusing to permit defendant to serve interrogatories on absent class members on the issue of whether absent class members "bargained" where that "is an individual, and not a common question" and "defendants' own words reveal that the instant discovery is intended to determine whether individual class members are properly included within the class."); *Perkins v. Southern New England Tel. Co,* No. 3:07-cv-967, 2010 WL 2026439, at *2(D. Conn. May 21, 2010)(defendant did not make a strong showing for depositions of absent class members where it "stated that it wants to 'explore whether these class members' decision to take no action in response to the notice of the lawsuit … was purposeful. '"); *In re Currency Conversion Fee Antitrust Lit.,* No. MDL 1409, M21-95, 2004 WL 2453927, at *1-2 (S.D.N.Y.

Similarly, Plaintiffs' claims that the depositions of the absent New York class members are "unduly burdensome for both individuals and class counsel" are entirely without basis, particularly where Plaintiffs agreed that eight additional depositions was a reasonable number. (Dkt. 293 at 12-13.)   Their speculation that Defendants will "interrogate" them though they "have not actively sought to participate" is not support for any purported "substantial burden" on Plaintiffs or their counsel.  *Cruz v. Dollar Tree Stores, Inc*., 2011 WL 843956, at *7 (N.D. Cal. Mar. 8, 2011) (rejecting plaintiffs' argument that mandatory discovery in a Rule 23 action creates an opt-in scheme).   Their assertion that the Discovery Order "could potentially leave those who are unwilling or unable to sit for the deposition without a remedy" is likewise completely premature.  (Dkt. 293 at 13.)   Instead, the Discovery Order properly balances Defendants' right to due process and   need for the testimony of the absent class members with any burden on Plaintiffs to find the limited nature of the depositions sought here is appropriate.  *See* Wright and Miller, 8A FEDERAL PRACTICE AND PROCEDURE § 2171 (2nd Ed. 1994) (noting that most

---

Nov. 3, 2004)(defendant would not be permitted to depose seven representative plaintiffs filing notice of withdrawal "to learn the 'circumstances surrounding [their] putative withdrawals'" because "defendants seek depositions for individual issues"); *Laborers Local 17 Health & Ben. Fund v. Morris*, No. 97-cv-4550, 1998 WL 241279, at *3-4 (S.D.N.Y. May 12, 1998)(where defendant sought to depose absent class funds for purposes of certification briefing, request was only "generally stated and seemingly very broad in scope," so court allowed defendant to serve requests on ten and explained that "whether follow-up discovery, particularly the use of … short depositions, will be permitted … will depend on whether defendants can make a showing that specific further inquiry is warranted"); *In re Publication Paper Antitrust Lit.*, No. 3:04-MD-1631, 2005 WL 1629633, at *2 (D. Conn. July 5, 2005)(granting motion to quash subpoenas on two absent class members where defendants "have given only the vaguest of indications why such discovery is necessary," and the two absent plaintiffs "happen to be the two plaintiffs in the individual lawsuit"); *Cornn v. United Parcel Service*, No. C03-2001, 2006 WL 2642540, at *4 (N.D. Cal. Sept. 14, 2006)(recognizing defendant has demonstrated a need for discovery from absent class members in class of 20,000 but ordering use of interrogatories or questionnaires); *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340-41 (7th Cir. 1974)(discussing impropriety of court's dismissal with prejudice of class members who failed to answer interrogatories or appear for deposition where the record was "devoid of any showing that defendants met" their burden of showing necessity).

courts have concluded the appropriate course of action is to limit discovery against unnamed class members, but not to forbid it all together); *In re Warner Chilcott Limited Securities Litigation*, Case No. 06-11515, 2008 U.S. Dist. LEXIS 7613 (S.D.N.Y. Feb. 4, 2008); *Redmond v. Moody's Investor Serv.*, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995); *Transamerican Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621-22 (S.D.Tex. 1991).  Other courts similarly allow class member depositions so as not to deprive defendants the right to establish their defenses in preparation for trial.  *See, e.g., Bruhl v. PriceWaterhouseCoopers Int'l*, 2010 WL 5090207, at *2 (S.D. Fla. Dec. 8, 2010) (finding that "[t]he fact that this case has been certified for class treatment should not function to deprive the [ ] Defendants of their right to prove their defenses"); *In re Nassau Cnty. Strip Search Cases*, 2009 WL 1456011, at *2 (E.D.N.Y. May 20, 2009) (holding that "Defendants are free to notice depositions of class members in order to identify those class members they wish to call at trial.  In view of the circumstances, including the number of potential class members, defendants may take up to twenty-five (25) such depositions, without prejudice to an application to increase said number").

With respect to the last prong of the test applied in the Discovery Order, Plaintiffs again contend that "Rite Aid has multiple other ways of obtaining evidence," including from "former SMs not in the Class," but the New York class already includes all SMs who worked in Rite Aid New York stores during the relevant period, so it is unclear to whom Plaintiffs refer.  In any event, Plaintiffs offered no alternatives to obtaining the critical evidence of non-opt-in New York SMs' testimony about their actual duties to Magistrate Judge Pitman, nor do they offer any here, and Magistrate Judge Pitman therefore properly concluded the "non-opt-in class members are in the best position to testify as to this issue and discovery from absent class members concerning analogous issues has been permitted in other cases."  (Dkt. 292 at 6-7.)

C.      **Plaintiffs' Attempts to Distinguish Magistrate Judge Pitman's Reasoned Application of the Caselaw Fail.**

Plaintiffs further contend "the majority of the decisions Judge Pitman relied upon concern discovery related to the state-of-mind of the Absent Class members, which is not an issue in this wage-and-hour action" but fail to distinguish all of the caselaw cited by the Court.  (Dkt. 293 at 13.)  In any event, Plaintiffs' "state of mind" distinction is without basis.  For example, Plaintiffs claim *Krueger v. New York Tel. Co.,* 163 F.R.D. 446, 451-52 (S.D.N.Y. 1995), only allowed absent class member depositions because those individuals "*personally* evaluated and appraised class members,"[9] but *Krueger* actually permitted another 14 absent class member depositions in addition to the 19 to which the plaintiffs agreed because the depositions were addressed to "class-wide liability issues" and further noted "the defendants should not be required to forego their own discovery as to the extent of their potential liability."  Plaintiffs argue *Bruhl v. Price WaterhouseCoopers Int'l,* No. 03-cv-23044, 2010 WL 5090207 (S.D. Fla. Dec. 8, 2010), allowed absent class member depositions on the issue of whether they were "misled" by the defendant, but Magistrate Judge Pitman correctly characterized the decision as one "allowing depositions of absent class members where there was 'no other way' for defendant to get the information, which was relevant to class issues."  (Dkt. 292 at 7.)  As the *Bruhl* court explained, "[t]he fact that this case has been certified for class treatment should not function to deprive the [ ] Defendants of their right to prove their defenses."  2010 WL 5090207, at *2(explaining further if defendants must rely on the witnesses plaintiffs choose to present they are denied the opportunity to adequately defend the claims).  For the same reason, Defendants here should not be denied the opportunity to develop evidence on the common issue of New York class members' actual duties – which may or may not support their claims and Defendants' defenses.

---

[9] (Dkt. 293 at 14.)

*In re Warner Chilcott Sec. Litig.,* No. 06-cv-11515, 2008 WL 344715, at *2 (S.D.N.Y. Feb. 4, 2008)(requested short depositions of absent class members were necessary to establish defense and will not impose an undue burden).  In short, rather than focusing on "state of mind," the decisions on which the Discovery Order relies focused on the defendant's need for the evidence to establish an element of a defense.  Here, there is no question that absent New York class members' testimony about their actual duties and responsibilities as an SM in New York stores during the relevant time period is critical to establishing Defendants' exemption defenses.[10]

       Respectfully submitted this 28th day of December, 2015.

                                   *s/ Daniel E. Turner*
                                   Daniel E. Turner
                                   (admitted *Pro Hac Vice*)
                                   Tracey T. Barbaree
                                   (admitted *Pro Hac Vice*)
                                   Beth A. Moeller
                                   (admitted *Pro Hac Vice*)
                                   **LITTLER MENDELSON, P.C.**
                                   3344 Peachtree Road NE
                                   Suite 1500
                                   Atlanta, GA  30326
                                   Telephone:  (404) 233-0330
                                   Facsimile:  (404) 233-2361
                                   dturner@littler.com
                                   tbarbaree@littler.com
                                   bmoeller@littler.com
                                   Patrick G. Brady

---

[10] Finally, as to Plaintiffs' assertion that the Discovery Order should be set aside based on generalized allegations that "Rule 23 Class claims provide substantial benefits for employees who may not wish to actively participate in a FLSA collective opt-in action for fear of reprisal or being "blackballed," this litigation was filed in 2008, and Plaintiffs have not and cannot identify a single individual who has opted-in and even hinted at alleged "retaliation" for the decision to participate.  Instead, many opt-ins remain current Rite Aid SMs, including some deposed during class certification discovery.  (Dkt. 293 at 15-16.)  To support this sweeping proposition, Plaintiffs rely on dicta in *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234, 244 (2d Cir. 2011), where the court found no inherent conflict between collective and class actions and affirmed the district court's decision to exercise supplemental jurisdiction over the NYLL claims.

Suzanne K. Brown
**EPSTEIN BECKER & GREEN, P.C.**
250 Park Avenue
New York, NY 10177-1211
Telephone: (212) 351-4500
Facsimile: (212) 878-8600
One Gateway Center
Newark, New Jersey 07102-5311
Telephone:  (973) 642-1900
Facsimile: (973) 639-8556
pbrady@ebglaw.com
skbrown@ebglaw.com

*Attorneys for Defendants Rite Aid Corporation
and Rite Aid of New York, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2015 a true and correct copy of the foregoing document was electronically filed and served via the CM/ECF system on the following counsel of record:

Robert John Valli, Jr.                    Jay D. Ellwanger
Sara Wyn Kane                             Deven Hahn
James Vagnini                             DiNovo Price Ellwanger & Hardy LLP
Tito Sinha                                7000 North MoPac Expressway
Valli Kane & Vagnini, LLP                 Suite 350
600 Old Country Road, Suite 519           Austin, TX  78731
Garden City, NY  11530

Keith A. Raven
Raven & Kolbe, LLP
126 East 56th Street, Suite 202
New York, NY  10022

Dated:  December 28, 2015
Atlanta, Georgia

                                          _s/ Daniel E. Turner_
                                          Attorney for Defendants