UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                     :

YATRAM INDERGIT, *on behalf of himself and*  :
*others similarly situated*,                           :
                              Plaintiffs,  :         08-CV-9361 (JPO)
                                                   :
                     -v-                    :         OPINION AND ORDER
                                                   :
RITE AID CORPORATION, *et al.*,         :
                                Defendants.  :
                                                   :
------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      In this action, Yatram Indergit, on behalf of himself and others similarly situated (collectively "Plaintiffs"), asserts claims against Rite Aid Corporation and Rite Aid of New York, Inc. (collectively "Defendants") for failure to compensate its store managers for overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and New York Labor Law §§ 650 *et seq.* ("NYLL"). Plaintiffs appeal from Magistrate Judge Henry Pitman's November 30, 2015 Order granting Defendants' request to take depositions of eight class members from a pool of over 1,700 store members in the New York class. (*See* Dkt. No. 292.) Plantiffs contest Judge Pitman's determination that the pool from which the deponents will be chosen should include the entire New York class, rather than the limited group of class members who have opted into the FLSA collection action. (*Id.* at 2.) The crux of this discovery dispute, in other words, is that Magistrate Judge Pitman has authorized Defendants to depose at least some individuals who have not opted into the FLSA collection action.

      For the reasons that follow, Plaintiffs' objections to Magistrate Judge Pitman's Order are overruled.

**I.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 72(a), a district judge "must consider timely objections [to a non-dispositive matter] and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Golden Horn Shipping Co. v. Volans Shipping Co.*, No. 14-CV-2168, 2015 WL 6684518 (S.D.N.Y. June 30, 2015) (Oetken, J.). "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at *1 (citation omitted). A decision is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citations, internal quotation marks, and alterations omitted).

**II.    Discussion**

A defendant who seeks to depose class members bears the burden of justifying that discovery is warranted. *In re Warner Chilcott Ltd. Sec. Litig.*, No. 06-CV-11515, 2008 WL 344715, at *2 (S.D.N.Y. Feb. 4, 2008) (citations omitted). That burden is "particularly heavy" when the deponents are absent class members, *i.e.*, those who have not opted into the class. *Redmond v. Moody's Inv'r Serv.*, No. 92-CV-9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995). Where a defendant seeks discovery from absent class members, courts consider whether that discovery "(1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." *In re Warner Chilcott*, 2008 WL 344715, at *2.

In the case at hand, Magistrate Judge Pitman considered each of these factors and determined that including absent class members in the pool of potential deponents was warranted. Plaintiffs object to this ruling on the grounds that Defendants have not met their burden to demonstrate that discovery of absent class members is justified. They argue, specifically, that (1) the depositions sought are not relevant to common questions, (2) the

information sought from absent class members is available by other means, and (3) the deposition of absent class members is unduly burdensome to those class members.  (Dkt. No. 294 at 6-8.)

Having reviewed the parties' submissions and the Order at issue, the Court is left without a "definite and firm conviction that a mistake has been committed." *Golden Horn*, 2015 WL 6684518, at *1 (citations omitted).  To the contrary, Magistrate Judge Pitman's Order addressed each of the points Plaintiffs raise and applied the relevant case law to Plaintiffs' arguments.  Based on his analysis of the facts, Magistrate Judge Pitman explicitly determined that common questions are at issue and that depositions of absent class members "are not burdensome and are more likely to yield the information defendants seek regarding the deponents' job duties."  (Dkt. No. 292 at 9 n.3.)  There is no reason to depart from these conclusions, particularly given the standard for Rule 72(a) relief.

### III. Conclusion

For the foregoing reasons, Plaintiffs' objections to Magistrate Judge Pitman's Order are OVERRULED.

SO ORDERED.

Dated: January 19, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3