```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

YATRAM INDERGIT, on behalf         :
of himself and all others
similarly situated,                :

                  Plaintiff,       :    08 Civ. 9361 (JPO)(HBP)

     -against-                     :    OPINION
                                        AND ORDER
RITE AID CORPORATION and RITE      :
AID OF NEW YORK, INC.,
                                   :
                  Defendants.
                                   :
-----------------------------------X
```

          PITMAN, United States Magistrate Judge:


I.   Introduction

          I write to resolve the parties' dispute concerning whether counsel for defendants in other actions pending in California may directly contact and speak with three individuals who have opted in to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), claims asserted in this action without the presence of those individuals' counsel in this action.  For the reasons set forth below, I conclude that they may, but with certain restrictions.

II.  <u>Facts</u>

This action is brought under both the FLSA and the New York Labor Law ("Labor Law") on behalf of current and former Store Managers of Rite Aid stores.  Plaintiffs allege in principal part that defendants have mis-classified them as being exempt from the overtime provisions of the FLSA and the Labor Law; plaintiffs claim that although they were given the title of Store Manager, in truth, they lacked the discretion to perform managerial duties and were not, therefore, exempt from the statutes' overtime provisions.  Plaintiffs allege that Rite Aid's District Managers exercised true managerial discretion and controlled the actions of Store Managers to such a degree that the Store Managers cannot be found to be exempt employees under either the FLSA or the Labor Law.  The action has been conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claim and certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3) with respect to the Labor Law claim; the class certification is limited to liability issues only.  <u>See</u> <u>Indergit v. Rite Aid Corp.</u>, 293 F.R.D. 632 (S.D.N.Y. 2013).  More than 200 plaintiffs have "opted in" and joined in the FLSA claims.

In addition to this action, there are a number of individual- and multi-plaintiff actions pending in California asserting similar misclassification claims under the California counterpart to the Labor Law; the plaintiffs in those California actions have not opted in to the collective FLSA claim asserted in this action.

In connection with its efforts to prepare for trial in these California actions, Rite Aid Corporation ("Rite Aid") seeks an Order declaring that it may contact and speak with three individuals -- Steven Lockhart, Nicholas Gauger and David Jens -- outside the presence of counsel for the collective and the class in this action. Lockhart, Gauger and Jens were formerly Store Managers and were subsequently promoted to District Managers; as District Managers, they supervised a number of the plaintiffs in the California actions. Lockhart is still employed by Rite Aid as a District Manager; Gauger and Jens are no longer employed by Rite Aid. Lockhart, Gauger and Jens have all opted into the FLSA collective in this action based on their prior employment as Store Managers[1] and all have expressed a desire to have counsel

---

[1] Rite Aid originally sought leave to speak with a fourth individual -- David Vandecaveye. Vandecaveye was formerly a Store Manager in California who was also promoted to District Manager; he had opted in to the FLSA claim in this action. Vandecaveye has recently withdrawn from the collective and is,
(continued...)

present during any interviews by Rite Aid's counsel.  Rite Aid's counsel has represented that it wishes to speak with Lockhart, Gauger and Jens only with respect to their employment as District Managers and their supervision of plaintiffs in the California actions; Rite Aid has represented that it will not pose any questions to the three concerning their time as Store Managers.  In addition, Rite Aid has represented that if its application is granted, all of its contact with Lockhart, Gauger and Jens will be through counsel other than the counsel that represents it in this action and that no information received from Lockhart, Gauger and Jens in any interviews will be disclosed to Rite Aid's counsel in this action.

III.  Analysis

The present dispute requires analysis of the ethical limitations on an attorney's ability to contact directly a party of adverse interest who is represented by counsel.

Because the dispute spans two jurisdictions -- New York and California -- an initial issue would ordinarily be what

---

[1](...continued)
therefore, no longer a party in this action and no longer represented by counsel for the collective in this action.  There is no dispute that Rite Aid's counsel is free to contact and speak with Vandecaveye directly.

jurisdiction's rules of professional conduct apply.[2]  Happily, that issue need not be resolved in this case because the relevant rules of the two competing jurisdictions are the same in all material respects.

> New York Rule of Professional Conduct 4.2 provides:
>
> (a) In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.
>
> *   *   *
>
> **Comment**
>
> [1] This Rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship, and un-counseled disclosure of information relating to the representation.
>
> [2] Paragraph (a) applies to communications with any party who is represented by counsel concerning the matter to which the communication relates.
>
> *   *   *

---

[2] Although no statute mandates the application of state rules of professional conduct to actions pending in federal court, neither side disputes their applicability here.  See generally United States v. Hammad, 858 F.2d 834, 837 (2d Cir. 1988); Jackson v. Bloomberg, L.P., 13 Civ. 2001 (JPO), 2015 WL 1822695 at *2 (S.D.N.Y. Apr. 22, 2015) (Oetken, D.J.).

> [4] This Rule does not prohibit communication with a represented party or person or an employee or agent of such a party or person concerning matters outside the representation. For example, the existence of a controversy between a government agency and a private party or person or between two organizations does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter. Nor does this Rule preclude communication with a represented party or person who is seeking advice from a lawyer who is not otherwise representing a client in the matter. A lawyer having independent justification or legal authorization for communicating with a represented party or person is permitted to do so.
>
> \*   \*   \*
>
> [7] In the case of a represented organization, paragraph (a) ordinarily prohibits communications with a constituent of the organization who: (i) supervises, directs or regularly consults with the organization's lawyer concerning the matter, (ii) has authority to obligate the organization with respect to the matter, or (iii) whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. Consent of the organization's lawyer is not required for communication with a former unrepresented constituent. If an individual constituent of the organization is represented in the matter by the person's own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rules 1.13, 4.4.

N.Y. Rules Prof'l Conduct 4.2, <u>codified</u> <u>at</u> 22 N.Y.C.R.R. § 1200.0.

Rule 2-100 of the California Rules of Professional Conduct provides:

>     (A) While representing a client, a member shall not
> communicate directly or indirectly about the subject of
> the representation with a party the member knows to be
> represented by another lawyer in the matter, unless the
> member has the consent of the other lawyer.
>
>     (B) For purposes of this rule, a "party" includes:
>
>         (1) An officer, director, or managing agent of a
>     corporation or association, and a partner or man-
>     aging agent of a partnership; or
>
>         (2) An association member or an employee of an
>     association, corporation, or partnership, if the
>     subject of the communication is any act or omis-
>     sion of such person in connection with the matter
>     which may be binding upon or imputed to the orga-
>     nization for purposes of civil or criminal liabil-
>     ity or whose statement may constitute an admission
>     on the part of the organization.
>
>                    *    *    *
>
>                       **DISCUSSION**
>
>                    *    *    *
>
>     Paragraph (B) is intended to apply only to persons
> employed at the time of the communication.  (See <u>Triple
> A Machine Shop, Inc. v. State of California</u> (1989) 213
> Cal.App.3d 131 [261 Cal.Rptr. 493].)
>
>                    *    *    *

<u>See</u> <u>also</u> <u>Nalian Truck Lines, Inc. v. Nakano Warehouse & Transp.
Corp.</u>, 6 Cal. App. 4th 1256, 1261-62, 8 Cal. Rptr. 2d 467, 470
(2d Dist 1992) (finding that paragraph B is limited to current
control group members and current employees); <u>accord</u>
<u>United States Equal Emp't Opportunity Comm'n v. Placer ARC</u>, 147
F. Supp. 3d 1053, 1063-64 (E.D. Cal. 2015) (same).

To the extent that Rite Aid seeks to interview Lockhart, Gauger and Jens with respect to their supervision of the plaintiffs in the California actions, Rite Aid's counsel may contact these individuals directly because communications limited to these individuals' work as District Managers does not relate to the subject of collective counsel's representation.  Rite Aid has represented that it seeks to speak with these three individuals solely about what they did as District Managers, supervising the plaintiffs in the California action.  As noted above, the plaintiffs in the California actions are not parties in this action, and the extent of their discretion is, therefore, not a subject of collective counsel's representation.  To the extent Lockhart, Gauger and Jens worked as District Managers, they were working in the precise position that plaintiffs claim possessed true managerial control.  Thus, collective counsel cannot be representing them with respect to their work as District Managers.  Rite Aid's representations that contact with these individuals will be through counsel other than its counsel in this action and that any information provided by these individuals will not be shared with Rite Aid's counsel in this action provide further protection against any possible overreaching by Rite Aid.

In addition, Rite Aid has the right to preclude collective counsel from attending its interviews with Lockhart, Gauger

and Jens. To the extent Rite Aid's counsel seeks to speak with Lockhart -- a current Rite Aid employee -- to prepare Rite Aid's defense in the California actions, the conversation is shielded by Rite Aid's attorney-client privilege. "It is well established that the privilege applies to communications between corporate counsel and a corporation's employees, made 'at the direction of corporate superiors in order to secure legal advice from counsel.'" In re Gen. Motors LLC Ignition Switch Litig., 80 F. Supp. 3d 521, 527 (S.D.N.Y. 2015) (Furman, D.J.), quoting Upjohn Co. v. United States, 449 U.S. 383, 394 (1981); accord Commodities Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348 (1985). Although neither the Supreme Court nor the Court of Appeals have reached the issue, it also appears that the privilege extends to conversations between "corporate counsel and former employees of the corporation, so long as the discussion related to the former employee's conduct and knowledge gained during employment." In re Refco Inc. Sec. Litig., 07 MDL 1902 (JSR), 08 Civ. 3065 (JSR), 08 Civ. 3086 (JSR), 2012 WL 678139 at *2 (S.D.N.Y. Feb. 28, 2012) (Rakoff, D.J.) (collecting cases); accord Admiral Ins. Co. v. United States Dist. Court for Dist. of Arizona, 881 F.2d 1486, 1493 (9th Cir. 1989); In re Coordinated Pretrial Proceedings, 658 F.2d 1355, 1361 n.7 (9th Cir. 1981); In re Gen. Motors LLC Ignition Switch Litig., supra, 80 F. Supp. 3d at 527. Thus, Rite

Aid's counsel's conversations with Gauger and Jens -- former District Managers -- concerning their conduct and duties while employed by Rite Aid would also be within the attorney-client privilege.  Because the privilege is Rite Aid's and not the personal privilege of Lockhart, Gauger or Jens, none of these individuals has the ability to waive the privilege; only Rite Aid can waive the privilege.  United States v. Chen, 99 F.3d 1495, 1502 (9th Cir. 1996) (former employee cannot waive corporation's privilege); United States v. Ghavami, 882 F. Supp. 2d 532, 538 (S.D.N.Y. 2012) (Francis, M.J.); Winans v. Starbucks Corp., 08 Civ. 3734 (LTS)(JCF), 2010 WL 5249100 at *3 (S.D.N.Y. Dec. 15, 2010) (Francis, M.J.); see United States v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 119 F.3d 210, 214-15 (2d Cir. 1997) (corporation's privilege belongs to corporation, not individual employees); United States v. Wells Fargo Bank N.A., 12 Civ. 7527 (JMF), 2015 WL 3999074 at *2 (S.D.N.Y. June 30, 2015) (Furman, D.J.).

      A necessary corollary of the present dispute is what limits, if any, apply to collective counsel's ability to confer with Lockhart, Gauger and Jens.  There are no limits on collective counsel's ability to confer with Lockhart, Gauger and Jens regarding their work as Store Managers.  This is the very subject of collective counsel's representation of Lockhart, Gauger and

Jens, and there appears to be no dispute that collective counsel is free to speak with Lockhart, Jens and Gauger concerning this period without restriction.

With respect to their work as District Managers, different rules apply to Lockhart than apply to Jens and Gauger. With respect to his work as a District Manager, Lockhart is a current employee of a represented, adverse party. As such, absent a waiver from Rite Aid, Comment 7 to New York Rule of Professional Conduct 4.2 and Rule 2-100(A) and (B)(1) of the California Rules of Professional Conduct prohibit collective counsel from contacting Lockhart directly with respect to his duties as a District Manager, and collective counsel are also prohibited from attempting to elicit from Lockhart any conversations he may have with Rite Aid's counsel concerning his work as a District Manager. As noted above, Lockhart's communications with Rite Aid's counsel would be subject to Rite Aid's attorney-client privilege, a privilege that Lockhart lacks the ability to waive. Winans v. Stabucks Corp., supra, 2010 WL 5249100 at *3.

Collective counsel have greater latitude with respect to Gauger and Jens. Because Gauger and Jens are former employees, the second sentence of Comment 7 to New York Rule of Professional Conduct 4.2 and the Discussion and the case law interpreting Rule 2-100 of the California Rules of Professional Conduct

demonstrate that there is no limitation on collective counsel's contacting Jens and Gauger directly and asking them about their duties as District Managers, notwithstanding the fact that Rite Aid is represented.  However, because any conversations Jens and Gauger may have had with Rite Aid's counsel -- whether before or after their separation from Rite Aid -- are within Rite Aid's attorney-client privilege, collective counsel cannot ask Jens or Gauger about any conversations they may have had with Rite Aid's counsel concerning their duties as District Managers.[3]  Winans v. Stabucks Corp., supra, 2010 WL 5249100 at *3.

In support of their contention that they have the right to be present during all interviews between Rite Aid's counsel and Lockhart, gauger and Jens, collective counsel rely on Jackson v. Bloomberg, L.P., supra, 2015 WL 1822695.  In that case, plaintiffs -- employees of defendant who worked as Global Customer Support representatives ("GCUS") -- alleged that they had been improperly denied overtime premium pay in violation of both the FLSA and the Labor Law.  Like this action, Jackson had been conditionally certified as a collective action with respect to the FLSA claim and certified as a Rule 23 class action with

---

[3] In other words, collective counsel can ask Jens and Gauger about what they did as District Managers; counsel may not, however, ask Jens and Gauger what they told Rite Aid's counsel regarding what they did as District Managers.

12

respect to the Labor Law claim.  The issue before the court was defendant's counsel's request for permission to contact ten members of the certified class outside of the presence of plaintiff's counsel.  The ten individuals that defendants sought to interview in Jackson had formerly been GCUS themselves and were members of the collective and the class by virtue of that fact.  Like Lockhart, Gauger and Jens, the ten interview targets in Jackson had been promoted to supervisory positions in which they supervised other members of the collective and the class.  Defendant's counsel sought to interview them concerning their supervision of other collective and class members.

        The Honorable J. Paul Oetken, United States District Judge, concluded that New York Rule of Professional Conduct 4.2 precluded the contact requested by defendant's counsel because the contact would concern the subject of plaintiffs' counsel's representation.  After noting that questions "whether conduct implicating Rule 4.2 is permissible 'require[] a case-by-case determination,'" 2015 WL 1822695 at *2, quoting Grievance Comm. v. Simels, 48 F.3d 640, 649 (2d Cir. 1995), Judge Oetken analyzed the issue as follows:

> The only reason that Bloomberg wishes to speak with the class member employees at issue here is that they possess information germane to this lawsuit.  Bloomberg apparently plans to elicit that information by asking these class members about their experience of supervising GCUS representatives.  This line of questioning (as

13

>    restricted by the Contact Order) might not directly
>    require the employees to talk about their own experi-
>    ences during the time period for which they are class
>    members. . . . However, these questions would nonethe-
>    less concern the subject of the employees' representa-
>    tion because the central issues in this suit focus on
>    the employment and supervision of GCUS representatives.
>    See Campbell v. PricewaterhouseCoopers, LLP, No. CIV.
>    S-06-2376 (LKK/GGH), 2012 WL 1355742, at *2 (E.D. Cal.
>    Apr.18, 2012) (rejecting a similar argument). That
>    Bloomberg's proposed questioning of these class members
>    would be focused on their experience as supervisors of
>    GCUS representatives does not make that questioning any
>    less about the "subject of the representation";
>    Bloomberg's contrary reading is too narrow to be a fair
>    reading of the phrase. Accordingly, Rule 4.2 applies
>    here.

2015 WL 1822695 at *3 (footnote omitted).

I submit that Jackson is distinguishable from the present case. The individuals supervised by the interview targets in Jackson were plaintiffs in that action. The information defense counsel sought to acquire in Jackson related to the scope of the discretion enjoyed by the plaintiffs in that action -- the precise subject matter of claims in Jackson. In this case, on the other hand, Rite Aid seeks to interview Lockhart, Gauger and Jens concerning their supervision of store managers who are not plaintiffs in this action and whose discretion is not at issue in this action. Collective counsel in this action is not advocating for and will not be offering evidence concerning the Store Managers about whom Lockhart, Gauger and Jens will be interviewed. Limiting Rite Aid's direct contact to the period in

which Lockhart, Gauger and Jens were District Managers and the additional conditions that all contact will be through counsel other than Rite Aid's counsel in this action and that Lockhart, Gauger and Jens' statements will not be disclosed to Rite Aid's counsel in this action provides additional protection against possible overreaching.

Although Lockhart, Gauger and Jens played varying roles make this a close case, for the reasons set out above, I do not think that the applicable rules of professional conduct preclude all direct contact between Rite Aid and these individuals.[4]

IV. Conclusion

Accordingly, for all the reasons set forth above, I conclude that:

> 1. Counsel for Rite Aid, other than Rite Aid's counsel in this action, may contact Lockhart, Gauger and Jens directly and interview them, limited to their supervision of plaintiffs in the California actions who are not parties in this action.

---

[4]In the interest of clarity, I note that my ruling here is limited to the issue of whether Rite Aid may contact Lockhart, Gauger and Jens outside the presence of counsel for the collective. Because the issue is not before me, I express no opinion on whether Lockhart, Gauger and Jens need to respond to any contact from Rite Aid.

15

2. Any statements made to Rite Aid's counsel by Lockhart, Gauger or Jens shall not be communicated, either directly or indirectly, to Rite Aid's counsel in this action.

3. Counsel for the plaintiffs in this action are prohibited from contacting Lockhart directly concerning his employment by Rite Aid as a District Manager and from questioning Lockhart concerning any conversation he may have with Rite Aid's counsel concerning his work as a District Manager.

4. Counsel for the plaintiffs in this action are prohibited from questioning Gauger and Jens concerning any conversations they may have with Rite Aid's counsel concerning their work as District Managers.

Dated:  New York, New York
        October 31, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel