UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YATRAM INDERGIT, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br><br>                vs.<br><br>RITE AID CORPORATION, and RITE AID OF NEW YORK, INC.,<br><br>                Defendants. | 08 Civ. 9361 (JPO) (HBP)<br>ECF Case |

**ORDER**
**GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR AN ORDER**
**PRELIMINARILY APPROVING THE CLASS AND COLLECTIVE**
**ACTION SETTLEMENT**

       The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for an Order Preliminarily Approving the Class and Collective Actions Settlement ("Preliminary Approval Motion") to fully and completely settle the action. Defendants do not oppose this Motion. After reviewing the Preliminary Approval Motion, the supporting Memorandum of Law in Support of the Preliminary Approval Motion (the "Memorandum"), and the Declaration of Sara Wyn Kane (the "Kane Declaration" or "Kane Decl."), along with supporting exhibits, the Court hereby finds as follows:

       A.    On June 30, 2017, Plaintiffs filed the Unopposed Preliminary Approval Motion with respect to the proposed Settlement Agreement.

       B.    This Court has considered all of the submissions presented with respect to the Preliminary Approval Motion and incorporated Memorandum of Law in Support of the Preliminary Approval Motion, the Settlement Agreement, and the Kane Declaration, along with supporting exhibits.

C. All capitalized terms in this Order with respect to the Settlement that are not otherwise defined have the same meaning as in the Settlement Agreement.

D. NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. For the reasons previously set forth in this Court's Order filed on September 26, 2013, Dkt. No.239 this Court has already found that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification and certified the following classes:

> All exempt Store Managers employed by Rite Aid in the state of New York at any time from October 30, 2002 through Final Approval.

Additionally, for the reasons previously set forth in this Court's Order on March 31, 2010, Dkt. No. 93, the Court conditionally certified a collective action under 29 U.S.C. § 216(b) and Notice was sent out. Thereafter, on September 26, 2013, Dkt. No. 239 the Court denied Defendants motion to decertify the collective action. As a result of the opt-in process, the FLSA Collective is now defined as:

> The Settlement Class Representative and all individuals who as of the date of the Settlement Agreement have filed consents to join this Action who worked at Rite Aid as Store Managers during the three-year period prior to the filing of their consent forms and who have not been previously dismissed from the Action.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement Agreement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"). The Settlement will

ensure prompt payment to class and collective members and avoid the continued risks and expense of additional litigation. The Settlement is in the best interest of the Settlement Class Representative and the members of the Settlement Classes.

3. The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the releases of claims. Based on its review of the Settlement Agreement and attachments thereto, the Memorandum, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations between the Parties. As this Action has been extensively litigated over the past nine years, the Parties are familiar with the strengths and weaknesses of the claims. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of reasonableness and meets the requirements for preliminary settlement approval such that notice to the Class as set forth in the Settlement Agreement is appropriate.

4. The Court has already appointed Yatram Indergit as the Class Representative for the Settlement Classes (*See* Dkt. No. 239, p. 40, 48).

5. The Court has already approved Valli Kane & Vagnini LLP and DiNovo Price Ellwanger LLP as Class Counsel, finding Robert J. Valli, Jr., Sara Wyn Kane, James A. Vagnini and Jay D. Ellwanger are adequate Class Counsel (*See* Dkt. No. 239, p. 40, 48).

6. The Court hereby approves Kurtzman Carson Consultants, LLC ("KCC") as the Claims Administrator.

7. The proposed Notice Form, attached as Exhibit A to the Settlement Agreement fully and accurately informs the Class Members of all material elements of the Action and the proposed Settlement and is approved in form and content as appropriate notice to the class.

8.      The proposed Reminder Notice, attached as Exhibit D to the Settlement Agreement, further ensures that the Class Members are informed of the proposed Settlement in a timely manner is approved in form and content.

9.      The proposed Claim Form, attached as Exhibit C to the Settlement Agreement is approved in form and content.

10.     The Notice and Claim Form shall be mailed to all members of the Settlement Classes via first class mail as set forth in the Settlement Agreement. The Claims Administrator will also maintain a website through which the Notice Form and Claim Form can be downloaded. The Court finds that this method of disseminating the Notice Form, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

11.     Within twenty-one (21) days of the filing of this Order, in accordance with the Settlement Agreement, Defendants will provide the Class Lists to the Claims Administrator.

12.     Each Class Member shall have sixty (60) days from the date the Notice and Claim Form are postmarked to the members of the Settlement Class to execute and return a Valid Claim Form or request for exclusion. Each Settlement Class Member shall have thirty (30) days from the mailing of the Notice to object to the Settlement.

13.     The Claims Administrator will mail a Reminder Postcard twenty (20) days prior to the Claim Form Deadline to members of the Settlement Class who have not filed a Claim form as of that Date.

14.     The Court will conduct a Fairness Hearing <u>on January 11, 2018, at 10:15 a.m.</u> to address: (a) whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for Attorneys' Fees and Lawsuit

Costs; and (c) Incentive Award to the Class Representative. Prior to the Final Approval Hearing, the Claims Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement. <u>The conference will be held at 40 Foley Square, Courtroom 706.</u>

15. In the event that the Effective Date occurs, Participating Class Members will be deemed to have forever released and discharged the FLSA Released Claims and/or New York State Law Released Claims as provided in the Settlement Stipulation. In the event that the Effective Date does not occur for any reason whatsoever, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever in this Action or in any other litigation or proceeding.

16. The Court, consistent with its authority pursuant to the All Writs Act, 28 U.S.C. § 1651(a), hereby enjoins all Settlement Class Members from initiating or proceeding with any and all lawsuits, actions, causes of action, claims or demands in federal or state court asserting Claims against Rite Aid on behalf of any salaried Store Managers who worked for Rite Aid within the applicable Class Periods for those claims being released as set forth in the Settlement Agreement. This injunction shall remain in effect through dismissal of this Action.

17. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

18. The Court shall retain jurisdiction over the implementation and administration of the Settlement Agreement.

SO ORDERED.

August 3, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

5